EDWARD J. WACKERLE

*v.*

THE PEOPLE *ex rel.* Kate Wackerle.

*Opinion filed November 1, 1897.*

1. APPEALS AND ERRORS—*propositions of law not required, in suits of a chancery nature, to preserve question of law.* A proceeding in the county court to compel a guardian to give a new and sufficient bond is in the nature of a chancery proceeding, and it is not necessary, in order to preserve questions of law for review, on appeal, that propositions of law be submitted.

2. GUARDIAN AND WARD—*right of guardian to resign his trust is not absolute.* A guardian's right to resign his trust is not absolute, but is subject to the determination of its propriety by the court.

3. SAME—*tendering written resignation will not operate to release guardian.* To properly bring the matter of resignation before the court a guardian should present a petition setting forth his reasons and requesting permission to resign, accompanied by a report of his account as guardian, containing an offer to settle the same and deliver over the estate.

4. SAME—*effect of guardian's procuring a second appointment by court in another county.* A guardian regularly appointed in one county by

a court having jurisdiction of the subject matter and the persons of the guardian and his wards, cannot divest that court of jurisdiction by tendering his written resignation and procuring his reappointment by the county court of another county.

5. SAME—*court cannot remove guardian without citing him to appear and show cause.* A county court cannot remove a guardian without first summoning him to appear and show cause why he should not be removed for the reasons alleged, even though the guardian has failed to comply with an order of the court requiring him to give a new and sufficient bond.

*Wackerle* v. *People*, 65 Ill. App. 423, reversed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Scott county; the Hon. CYRUS EPLER, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the Third District, affirming the judgment of the circuit court of Scott county, which affirmed an order of the county court of Scott county, removing Edward J. Wackerle, the appellant here, as guardian and appointing his successor.

The facts are briefly these: In February, 1894, Edward J. Wackerle, then and still a resident of Morgan county, was on his own petition appointed by the county court of Scott county guardian of the four minor children of his deceased brother, Dr. Charles J. Wackerle. The children were all then under the age of fourteen years. In his petition he set forth, among other things, that the children were residents of Scott county, and that their estate consisted of life insurance, about $2400, and their distributive share of their father's estate, about $900, and estimating the whole at about $3400. Letters were issued to him upon his giving the bond required of $6800. Afterwards, as it appeared, he collected and received for them, as their guardian, $2400 of the Woodmen Insurance Company, $1754 of the Home Forum Insurance Company, and $52.40 for house rent,—in all $4206.40, which, added to his estimate of their distributive share, (the

actual amount of which was not shown,) made $5106.40.
On November 12, 1894, upon the petition of their step-
mother, Kate Wackerle, a citation was issued to him,
returnable to the December term, to show cause why he
should not settle his accounts or give a new bond, which
was personally served on him.   At his request, and, ac-
cording to the testimony of the county judge, upon his
promise to give in the meantime a better bond with a
certain party named as security, the matter was contin-
ued to the January term, 1895.   Appellant testified that
he tendered his resignation as guardian to the county
judge of Scott county, in writing, about January 1, 1895,
but the county judge testified that he had no recollection
of receiving the same, nor, upon search, was he able to
find it among the papers in the case.   Appellant then
filed his petition in the county court of Morgan county,
to be appointed guardian of these children, and at its
December term, on January 4, 1895, he was appointed, on
giving bond in the sum of $7400.   He then, on January 5,
1895, notified the county judge of Scott county, by tele-
phone, of his appointment in Morgan county, and that
was the first notice that the county court of Scott county
had of such appointment or of his application therefor.
The appellant failing to appear at the January term of
the county court of Scott county, to which term the pe-
tition for a better bond had been continued, the court,
after a hearing, on January 7, made an order finding the
facts to be as alleged, and requiring him to give a bond
in $10,000 by the 14th of that month, a copy of which
order was served upon him.   From that order no appeal
was taken.   He did not comply with this order, nor show
any excuse for his failure to do so.   On the 15th,—the
day after the expiration of the time fixed for the giving
of the new bond,—the court made an order reciting his
failure to give the bond required, removing him as guar-
dian, and appointing Byron McEvers his successor upon
said McEvers giving bond in $10,000, and requiring ap-

pellant, upon being served with a certified copy of said order and of McEvers' letters, to turn over to the latter all property of said wards, and that upon his failure to do so he would be in contempt of court. From this order the appellant has appealed.

H. G. WHITLOCK, for appellant.

J. M. RIGGS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a statutory proceeding, begun in the county court of Scott county, to compel the appellant to give a guardian's bond as contemplated by the statute, and upon his refusal or neglect to comply with the order of the court in that regard he was removed and his successor appointed.

The point is made by appellee that the judgment of the Appellate Court is conclusive upon the facts, and, as no propositions to be held as law were submitted to the court below, no question is presented for the consideration of this court. It can hardly be said, we think, that this is such a case as is contemplated by the 41st section of the Practice act. It is more nearly analogous to a proceeding in equity against a delinquent trustee. A court of equity has general jurisdiction over guardians and infants. Guardians, at common law, were treated as trustees, and as such were held responsible for the faithful discharge of the duties imposed upon them. The aid of courts of chancery has always been invoked to compel the execution of trusts and the protection of infants. In this respect the statute has made no change, but has given to the county court power and jurisdiction somewhat summary in its nature over guardians. (*In re Steele*, 65 Ill. 322.) This action being in its nature equitable and the parties not being entitled to a jury, it was not necessary that propositions to be held as law in the decision

of the case should have been submitted to the circuit court in order to present the question here whether or not its action was warranted by the law of the case.

It is clear from the facts as stated above that up to the time of the tender of his resignation, about January 1, 1895, the county court of Scott county had full and ample jurisdiction over the appellant, as guardian of the minor children of his deceased brother, but he now insists that the tender of his resignation as such guardian, and the appointment which he obtained from the Morgan county court, ousted the jurisdiction of the county court of Scott county.   No resignation was allowable at common law except for strong reasons showing that the best interests of the ward demanded it.   (Schouler on Domestic Relations,—3d ed.—sec. 315.)   In *Young* v. *Lorain*, 11 Ill. 624, it is said that, prior to the passage of the statute on the subject, a guardian could not, as a matter of right, resign his trust.   The language of the present statute (Rev. Stat. 1874, chap. 64, sec. 39,) is: "When it appears proper, the court may permit the guardian to resign his trust, if he first settles his accounts and delivers over the estate as by the court directed."   Resignation, then, of the office of guardian is not an absolute right, but subject to a determination of its propriety by the court.   Nor can it be said that the mere tender of a written resignation to the court is the proper manner to bring the matter before the court.   The guardian ought to present his petition to the court for permission to resign his trust, containing some showing by which the court can see that it would be proper, accompanied by a report of the state of his account as guardian, and offering to settle the same and deliver over the estate as the court may direct.   Nothing of the kind was done here.   The county court properly treated appellant's attempted resignation as mere waste paper, and did not lose jurisdiction over the appellant thereby.   The county court of Scott county having full jurisdiction of the subject matter and of the appellant

and his wards, it was not possible for appellant to oust it of such jurisdiction by getting himself appointed guardian in Morgan county. It does not appear whether or not he made a full disclosure of the state of affairs to the Morgan county court. (See a somewhat similar case in *Pease* v. *Roberts*, 16 Ill. App. 634.) The court first actually obtaining jurisdiction would retain the same until such change in the situation was shown as would lawfully transfer it to another court.

The order of the county court of Scott county requiring appellant to give a better bond was therefore valid and binding on him. But on his failure to do so the county court removed him. This it did not have the power to do in such a summary manner. The statute on guardians (sec. 38) provides that "before removing a guardian the court shall summon him to show cause why he should not be removed for the cause alleged." That was not done in this case. Nowhere in the various citations and orders preceding the order of removal is there anything said or any notice given that an application had been made or would be made in this proceeding for his removal. *Munroe* v. *People*, 102 Ill. 406, was a case where the court had removed an administratrix after citing her to show cause why she should not pay a certain claim, and she failed to appear and show cause. In that case this court said that the jurisdiction obtained over the administratrix by the citation to show cause why she should not pay said claim did not confer jurisdiction on the court to remove her. In *Hanifan* v. *Needles*, 108 Ill. 403, the citation was to an executor to appear at a certain time and present his accounts for settlement, and did not contain the slightest intimation that there was any purpose on the part of the court or any one interested in the estate to remove him from office, and this court said (p. 411): "It is a mistake to suppose that when one is served with process requiring him to appear in court to answer the complaining party in some particular

proceeding or specified form of action, the court thereby acquires jurisdiction over his person for all purposes. * * * The court's jurisdiction in any case is only co-extensive with the particular suit or proceeding in which the defendant has been summoned to appear. To hold otherwise would lead to the gravest consequences and might result in the grossest abuses." In both of these cases the attack on the order of removal was made in a collateral proceeding and it was held that such order was void. In the present case it is a direct attack, and we have no doubt that error is well assigned upon it. There can be no doubt there was sufficient ground for appellant's removal had he been cited to appear for that purpose as provided by the statute, and such citation may yet issue.

The order and judgments of the county, circuit and Appellate courts are, each and all of them, reversed, and the cause is remanded to the county court of Scott county for further proceedings in conformity herewith.

*Reversed and remanded.*