(No. 36642.—<span style="background:black">      </span>

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDITH HODGE, Plaintiff in Error.

*Opinion filed November 30, 1961.*

McCoy, MING & LEIGHTON, of Chicago, (GEORGE N. LEIGHTON, of counsel,) for plaintiff in error.

\* Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

This writ of error seeks a review of an order of the criminal court of Cook County entered on February 27, 1961, in which Edith Hodge, plaintiff in error, was sentenced to serve one year in the Cook County jail for direct criminal contempt of court. It is urged here by plaintiff in error that the contempt order does not contain any finding or recitation of facts showing that she was guilty of any act which gave the court jurisdiction to deprive plaintiff in error of her liberty by a summary contempt order. Also, it is the theory of plaintiff in error that there is fairly in-

---

\* This opinion was prepared by the late Mr. CHIEF JUSTICE BRISTOW and is adopted and filed as the opinion of the court.

volved in this proceeding a debatable constitutional issue because no act was committed by her to warrant summary exercise of the court's power depriving her of her liberty; and further, the trial court, without any basis in fact, or legal justification therefor, entered an order depriving plaintiff in error of her liberty without issuance of a petition, a rule to show cause, an information, a process or notice, and without an opportunity to plaintiff in error to employ counsel and interpose a defense against the court's action.

During the time in question plaintiff in error resided with her seven young children in the third floor apartment at 3839 West 19th Street in Chicago. Annabell Lamb lived in the first floor apartment of the same building.

On February 27, 1961, plaintiff in error appeared in the criminal court of Cook County under subpoena as a witness for the defense in a robbery prosecution before Judge David A. Canel. As an alibi witness she testified that the defendants, Washington and Jackson, charged with the robbery, were in attendance at a party in the first floor apartment occupied by Annabell Lamb at the time in question.

Annabell Lamb was then called as an alibi witness and she testified that during the time of the robbery the alleged robbers were at a party in the apartment of Edith Hodge on the third floor of 3839 West 19th Street in Chicago. Edith Hodge, sitting in the rear of the courtroom undertook to assist the faltering witness. She vigorously shook her head indicating "no" and raised her hand indicating "one" with her finger. Plaintiff in error insists that the judge completely misunderstood her gestures; that she was talking with her sister "nodding and shaking her head" and that this was a customary habit. She does not deny that she raised her hand indicating "one" with her finger. It is significant that simultaneous with these gesticulations Annabell remembered that the party was in the first floor apartment rather than on the third floor. Furthermore, she admitted

that she was prompted to change her testimony because of the suggestive head and hand gestures.

Washington and Jackson, the defendants on trial, were both found guilty by the court. Judge Canel did not believe the alibi witnesses. The plaintiff in error cannot excuse her contemptuous conduct by her failure to produce a miscarriage of justice. If the judge's findings have any weight, Edith Hodge testified falsely and she undertook to improve the testimony of Annabell, who was also committing perjury.

No doubt the action of Edith Hodge was calculated to obstruct the due administration of justice. She was brazenly and flagrantly, by her gestures, seeking to mislead the court which was searching for the truth. We concur in the trial court's determination that such conduct is direct and open contempt and commands reasonable punishment. *People* v. *Goss,* 10 Ill.2d 533.

The record shows that Edith Hodge remained in the Cook County jail from February 27, 1961 to June 20th, when she was released from custody on her own recognizance pending disposition of this case. We are of the opinion that the sentence imposed upon her was excessive and since we have the power to remedy the same, we do so by reducing the punishment to the number of days she has already served. *Ash-Madden-Rae Co.* v. *International Ladies Garment Workers' Union,* 290 Ill. 301.

*Plaintiff in error discharged.*