People of the State of Illinois, Plaintiff-Appellee, v. Jerome Kennedy, Defendant-Appellant.

Gen. No. 48,892.

First District, First Division.

October 14, 1963.

Jay A. Schiller, of Chicago, for appellant.

Daniel P. Ward, State's Attorney, of Chicago (Elmer C. Kissane and Marvin E. Aspen, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Jerome Kennedy, was found guilty of contempt of court for striking his seventeen-year-old stepdaughter after having previously been admonished orally by the court that he would be held in contempt of court should he molest or threaten her. The defendant was sentenced to imprisonment in the county jail for a period not to exceed six months unless "he sooner purges himself or unless sooner dis-

charged according to law." It is from this finding that the defendant appeals.

On May 14, 1962, Nancy Lingvay Kennedy was found to be a delinquent girl charged with stabbing her stepfather with a butcher knife after an argument. At that hearing Nancy stated she had been having difficulty with her stepfather, in that he beat her and she said she couldn't take it any longer. The cause was continued to June 4, 1962, at which hearing Judge Cilella told Jerome Kennedy, the defendant, that he was not to molest Nancy or threaten her and that if he did, he would be held in contempt of court. The case was then continued to September 17, 1962.

The defendant, stepfather, was estranged from Nancy's mother and Nancy also was not living with her mother. On July 4, 1962, while Nancy was visiting her mother, the defendant who was also present asked his wife to loan him the use of her camera and she refused. When Nancy took the camera and left the house the defendant followed her out and Nancy testified he struck her and she called the police. The police came and one officer testified that the defendant called Nancy vile names and said that "[s]he'd better not come on this property or around it or he would knock the living hell out of her." On July 23rd a rule was entered upon defendant to show cause why he should not be held in contempt of court. On August 2, 1962, testimony was heard on the contempt charge, and the defendant denied he struck Nancy as testified to by her. He testified that when Nancy went out of the house with the camera he followed her, an argument ensued and that he pushed her and said "go and get out of here."

The defendant admitted to the court that he had perfectly understood the court order and that he knew that he would be held in contempt of court if

301

he violated it. The defendant, however, argues that the oral admonition is not binding as would be an entry of an order of court or an injunction upon which an appeal could be taken. Counsel for defendant admittedly found no authorities to support this position.

■ The Illinois courts in punishing for contempt regard solely the maintenance of the power and dignity of the court and the prevention of unlawful interference with the adminstration of justice. Vol 12 ILP Contempt § 101. The disobedience of a verbal court order which was never placed on the court record may be punished as for contempt. Dines v. People, 39 Ill App 565. If we were to adopt the rule as urged by the defendant, every admonition and ruling made by a trial court during the course of a proceeding would be meaningless and unenforceable. Persons who hear or are apprised of oral decisions and violate their provisions are liable to contempt proceedings. Rudnick v. Jacobson, 136 NYS2d 127, 284 App Div 1064; Gardner v. People, 100 Ill App 254.

■ In the instant cause, Judge Cilella sought to make a final determination in the delinquency proceedings involving Nancy. In order to do so he found it necessary to insure by his order that the friction which existed between Nancy and her stepfather would not again flare into the open. The defendant, knowing this, flagrantly chose to interfere with the maintenance of the power and dignity of the court. We concur in the trial court's determination that such conduct commands reasonable punishment.

■ Counsel for defendant informed us during oral argument that the defendant had served five days in the County Jail awaiting his release on bond. We are of the opinion that the sentence imposed upon the defendant is excessive and since we have the power to remedy the same we do so by reducing the punish-

302

ment to the days the defendant has already served. People v. Hodge, 23 Ill2d 425, 178 NE2d 354.

The defendant, Jerome Kennedy, is accordingly discharged from the custody of the Sheriff of Cook County.

Affirmed in part with directions.

ENGLISH, PJ and MURPHY, J, concur.