ALFRED AUGSBURG, Plaintiff-Appellee, *v.* FRANK'S CAR WASH, INC., Defendant.—(WARD LUMBER CO. *et al.*, Claimants-Appellants.)

Second District    No. 81-253

Opinion filed January 22, 1982.

William F. Cunningham and Jeffery G. Eaton, both of Law Offices of O'Reilly and Cunningham, of Wheaton, for appellants.

Lloyd J. Tyler and Theresa M. Banas, both of Tyler, Peskind and Solomon, of Aurora, for appellee.

JUSTICE VAN DEUSEN delivered the opinion of the court:
Bituminous Insurance Company (Bituminous) appeals from the

denial of its petition to intervene and to vacate an order which denied its worker's compensation lien claim.

Plaintiff, Alfred Augsburg, suffered injuries on November 27, 1974, while acting within the scope and course of his employment with Ward Lumber Company. Bituminous, the worker's compensation insurance carrier for Ward Lumber Company, paid to Augsburg a substantial sum as worker's compensation. Subsequently, Augsburg filed a personal injury suit against several defendants, including Maybrook Company, Inc. On October 12, 1979, a judgment for $28,000 was entered in favor of Augsburg and against Maybrook Company, Inc. On January 16, 1980, a release and satisfaction of judgment was filed with the court. In the release, the plaintiff, Alfred Augsburg, acknowledged full satisfaction and payment, and he released the $28,000 judgment entered on October 12, 1979, against the defendant Maybrook Company, Inc.

On February 8, 1980, plaintiff appeared before the court and secured an order directing that the $28,000 collected upon the judgment be held by plaintiff's attorney, as an officer of the court, until the respective rights of the plaintiff and of Ward Lumber Company and Bituminous to said sum were determined. Apparently, prior to that date, the $28,000 collected on the judgment had been held by plaintiff and his attorney free from any court order.

Immediately following entry of the foregoing order, plaintiff presented to the court a petition for determination of lien together with proof of service of notice of the February 8, 1980, hearing, mailed on January 18, 1980, to Ward Lumber Company and Bituminous. Also attached as an exhibit to plaintiff's petition was a letter of Bituminous addressed to plaintiff's attorney, acknowledging receipt of a copy of the petition and the notice of the February 8, 1980, hearing. In the letter, Bituminous also set forth the amount of its lien claim less attorneys' fees and its share of costs due plaintiff's attorneys. Finally, the letter asserted that because plaintiff's attorneys were their "statutory attorneys," they saw no necessity for a separate appearance to protect their rights.

At the February 8, 1980, hearing, neither Bituminous nor Ward Lumber Company appeared before the trial court. At that time, plaintiff's attorney correctly advised the trial court that the interests of his client were adverse to those of the lien claimants and he, therefore, was not representing them.

The court thereupon proceeded to consider the plaintiff's petition to determine the lien claim of Ward Lumber Company and Bituminous in the $28,000 paid on the judgment.

After consideration of the plaintiff's petition, the trial court entered its order. In its order, the trial court found: (1) that it had jurisdiction of the plaintiff and the lien claimants, Ward Lumber Company and Bitumi-

nous; (2) that the statutory notice of the filing of the common law suit herein was given to the employer Ward Lumber Company on September 16, 1976; (3) that neither Ward Lumber Company nor Bituminous had petitioned to intervene in said suit; (4) that pursuant to section 5 of the Worker's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5) the court was authorized to make such order as it deemed appropriate upon the lien claim of Ward Lumber Company and Bituminous; (5) that reasonable notice of the hearing on plaintiff's petition for determination of the lien was served by the plaintiff on the aforesaid lien claimants on January 16, 1980, in compliance with Uniform Circuit Court Rule 4(a)(4); and (6) that Bituminous had acknowledged receipt of said notice and had declined to appear. Thereupon, the court ordered and adjudged as follows: (1) that neither Ward Lumber Company nor Bituminous had any right, claim or interest to any portion of the judgment entered in the above cause; (2) that Alfred Augsburg was entitled to receive the sum of $28,000; (3) that upon payment of the sum of $28,000 to Augsburg by Maybrook Company, Inc., receipt of which was acknowledged in open court, the judgment is satisfied free and clear of any lien by Ward Lumber Company or by Bituminous; and (4) that Maybrook Company, Inc., was released and discharged of any liability to Augsburg, Ward Lumber Company and Bituminous for any claims they have or might have in the future arising out of the incident which is the subject matter of the litigation or arising out of or by reason of any payment or benefits under the Worker's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*).

On December 12, 1980, pursuant to sections 26.1 and 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 26.1 and 72), Bituminous filed a petition to intervene and to vacate the order of February 8, 1980, on the grounds that Bituminous had not received proper notice and had not been made a proper party to the proceeding and, that, in the alternative, the order of the court was void and had no effect on the lien claim of Bituminous by reason of the provisions of section 5(b) of the Worker's Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.5(b)).

In addition to vacating the order of February 8, 1980, Bituminous sought to intervene and have the court determine that it was entitled to its lien, and that plaintiff and Maybrook Company, Inc., were jointly and severally liable therefor.

■■ In a letter of opinion dated March 4, 1980, the trial court denied the petition to intervene and vacate. The court first considered the contention of Bituminous that the court was without authority and jurisdiction to enter the order of February 8, 1980, adjudicating its lien claim. It did so independently of the requirement of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72), that the petitioner must show due diligence. The court properly did so. A petition attacking a judgment or

order as void may be brought at any time, either in a direct or in a collateral proceeding, and need not meet the requirement of section 72 for timely presentation, even if the party filing the petition deems it to be a petition filed under that section. *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 905.

In considering the question of jurisdiction, the trial court found in effect that it had subject matter jurisdiction under the applicable statutory lien provisions, and that it had personal jurisdiction over Ward Lumber Company and Bituminous by virtue of the fact that they had received notice of the suit and notice of the hearing to adjudicate the lien.

As another reason for denying Bituminous the relief sought in its petition, the court found that Bituminous had failed to exercise due diligence. On March 17, 1981, the trial court entered its order denying the petition of Bituminous to intervene and to vacate the order of February 8, 1980. Bituminous thereupon filed its notice of appeal.

■■ On appeal, Bituminous does not raise the issue that the trial court lacked personal jurisdiction over it, but limits its argument to contesting subject matter jurisdiction. Generally, a theory not pursued on appeal may be considered waived. (73 Ill. 2d R. 341(e)(7); *People ex rel. Resnick v. Curtis & Davis, Architects & Planners, Inc.* (1978), 58 Ill. App. 3d 28, 31, *aff'd and remanded* (1980), 78 Ill. 2d 381, 384.) However, the rule of waiver is a limitation on the parties and not on the courts, and a reviewing court may ignore the waiver rule in order to achieve a just result. *Siebach v. Pienta* (1978), 60 Ill. App. 3d 645, 647.

■■ In this case, we do believe that justice requires that we ignore the waiver rule and review the trial court's determination that personal jurisdiction had been secured over Bituminous by virtue of the service upon it of the notice of the hearing on plaintiff's petition for determination of the lien in compliance with Uniform Circuit Court Rule 4(a)(4). Jurisdiction over a person cannot be had by serving him with a notice; a court acquires jurisdiction over a person only after proper service of summons. (*LaMotte v. Constantine* (1980), 92 Ill. App. 3d 216, 217.) There is, of course, an exception to this rule where the defendant or respondent voluntarily appears or is permitted to intervene. Prior to the entry of the order, Bituminous had not petitioned to intervene, nor did it otherwise submit itself to the jurisdiction of the court.

■■ Because Bituminous had chosen not to intervene prior to the February 8, 1980, hearing, or voluntarily appear at the February 8, 1980, hearing, the court could gain personal jurisdiction over Bituminous only by service of summons. Plaintiff did not cause summons to be served upon Bituminous; the court, therefore, lacked personal jurisdiction over Bituminous. As to Bituminous, the order of the trial court of February 8, 1980, entered in favor of Augsburg's petition for determination of lien was void and as to Bituminous, it is hereby vacated and reversed.

Having found that the trial court lacked personal jurisdiction over Bituminous, we do not reach the issue of whether the court lacked subject matter jurisdiction to adjudicate the worker's compensation lien of Bituminous.

■■ In its argument on appeal, Bituminous asserts that the release and satisfaction of judgment filed on January 16, 1980, is invalid under section 5 of the Worker's Compensation Act. This issue was not raised by Bituminous at the trial court level, nor was it included in its notice of appeal; it is, therefore, not before this court. *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147.

■■ We finally consider whether the trial court erred in denying Bituminous the other relief it sought in its petition to intervene; that is, that it be permitted to intervene and be granted a hearing to adjudicate its lien rights. This portion of its petition necessarily had to be brought pursuant to the provisions of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72). In denying the petition, the trial court found that Bituminous had failed to meet the due diligence requirement of section 72. To establish due diligence under section 72, Bituminous had to plead and prove that it exercised due diligence both in presenting its claim and in seeking relief from the judgment or order. (*In re Estate of Reilly* (1979), 68 Ill. App. 3d 906, 912.) The statutory notice of the filing of the common law suit was given to the employer on September 16, 1976. Bituminous, as the employer's compensation carrier, did not petition to intervene and present its claim until December 12, 1980. The trial court correctly found that Bituminous had failed to comply with the due diligence requirement of section 72.

Except for our determination that the order of February 8, 1980, adjudicating the lien of Bituminous is void, the trial court's order of March 17, 1981, denying the petition of Bituminous to intervene is affirmed.

Affirmed in part; reversed in part.

HOPF and LINDBERG, JJ., concur.