128 Ill. App.3d 100 (1984)
470 N.E.2d 58
In re A.M. et al., Minors.
(The People of the State of Illinois, Plaintiff-Appellee,
v.
A.M. et al., Respondents-Appellants).
Nos. 83-1541 through 83-1543 cons.
Illinois Appellate Court  First District (5th Division).
Opinion filed October 12, 1984.
James J. Doherty, Public Defender, of Chicago (Joann R. Dinneen and Alison Edwards, Assistant Public Defenders, of counsel), for appellants.
Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Timothy J. Joyce, Assistant State's Attorneys, of counsel), for the People.
Orders reversed.
*101 PRESIDING JUSTICE MEJDA delivered the opinion of the court:
In separate actions, each of the minor respondents, A.M., P.F., and D.H.J., was adjudged in indirect contempt of court for violation of a court order to attend school and received sentence thereon. The separate appeals were consolidated for review. The common issue is whether the trial court initially entered a valid order against the minor respondent upon which to sustain the contempt of court conviction. We reverse the judgment in each case.
The separate actions were commenced by the filing of a misdemeanor complaint solely against the minor respondent's mother, as defendant, for the offense of noncompliance with section 26-1 of the School Code (Ill. Rev. Stat. 1981, ch. 122, par. 26-1) for wilfully permitting her minor child, respondent herein, to persist or continue in truancy within the school year. The summons served on each mother commanding her appearance as defendant also contained the following: "(The presence of your daughter [respondent's name] is requested)." A subpoena was issued and served upon P.F.; none was issued nor served upon the other respondents. At the time of the respective proceedings, A.M. was 15 years of age, P.F. was 13, and D.H.J. was 13.
In each case, both the defendant mother and the minor respondent were present before the court for all hearings. Following a hearing, the minor respondent was ordered to attend school with "no tardies, no cut classes, and no unexcused absences," and the mother and minor respondent were ordered to appear with a status report on a specified date. At the later hearings, the court in each case entered a written rule to show cause which was served upon the minor respondent in open court, and appointed a public defender as guardian ad litem and another to represent her. The rule to show cause was identical in each case and set forth that "the matter of Indirect Contempt of Court by said Respondent is considered by this Court" and found (1) that the respondent's parent (defendant parent) is charged with the offense of noncompliance, (2) that (minor respondent) was ordered on (date) to resume school attendance, and that since (date) the respondent had (number) unexcused absences from school. The rule ordered that (minor respondent) appear personally and say why an order should not issue finding and adjudging the said (minor respondent) to be in contempt of court.
At the subsequent hearings pursuant to the rule to show cause, the minor respondents' motions to dismiss the rule were each denied. Each minor respondent was adjudged in wilful contempt of court and *102 hearings in aggravation and mitigation were held. A.M. was sentenced to a conditional discharge for one year upon term that she attend classes full time, enroll in summer school, be detained at the Audy Home for 30 days with mittimus stayed for the summer session, and follow all recommendations of appropriate family counselling. A motion in arrest of judgment and for new trial was denied. Thereafter A.M. was found in violation of conditional discharge, conditional discharge was revoked, and sentence of 60 days in the Audy Home was imposed for contempt of court.
P.F., following denial of a motion to dismiss the rule, was found in wilful contempt and sentenced to a reporting conditional discharge for one year and to be detained for 60 days in the Audy Home and undergo drug and family counselling. D.H.J., following denial of her motion to dismiss, was found guilty of wilful contempt and sentenced to reporting conditional discharge for one year upon terms: (1) 10 days in Audy Home, (2) attend family and drug counselling, and (3) attend school regularly.
Each of the complaints against the defendant mothers was stricken with leave to reinstate. The appeals of the minor respondents have been consolidated for review.

OPINION
The minor respondents contend that the trial court lacked jurisdiction to order them to attend school because they were not made parties to the litigation by service of summons or otherwise and consequently they may not properly be held in contempt of court for violating the order.
Courts have the inherent power to enforce their orders by way of contempt, and this power may not be restricted by the legislature. (In re G.B. (1981), 88 Ill.2d 36, 41, 430 N.E.2d 1096.) "In testing the validity of a finding of contempt a contempt a court may review and should review the validity of the underlying * * * orders." (Armentrout v. Dondanville (1979), 67 Ill. App.3d 1021, 1028, 385 N.E.2d 829.) As stated in Faris v. Faris (1966), 35 Ill.2d 305, 309, 220 N.E.2d 210:
"One is justified in refusing to comply with a court order only if such order is utterly void, but it is no defense in a contempt proceeding to show that the order was merely erroneous. [Citations.] If the court had jurisdiction of the subject matter and of the parties to the proceeding, then its order must be obeyed until such time as it is set aside by the issuing or reviewing court."
Contempt will not lie for disobeying an order which is void for *103 want of subject matter or because the court has no power to decide the particular matter. (Armentrout v. Dondanville (1979), 67 Ill. App.3d 1021, 1028, 385 N.E.2d 829; see also In re R.R. (1982), 92 Ill.2d 423, 442 N.E.2d 252 (contempt sentences must be reversed where underlying orders are void).) Generally, a court acquires jurisdiction over a person only after a proper service of summons. (Augsburg v. Frank's Car Wash, Inc. (1982), 103 Ill. App.3d 329, 333, 431 N.E.2d 58; see also Knightsbridge Realty Partners, Ltd.-75 v. Rudolph (1982), 106 Ill. App.3d 354, 357, 435 N.E.2d 1223.) This was not done in any of the cases on appeal.
 1 Moreover, while the subject of each respondent's truancy was a matter potentially within the subject-matter jurisdiction of the circuit court, the only matter pending before that court was the action against the mothers for wilful noncompliance with the School Code. In an analogous context, our supreme court has observed that "[c]ircuit courts have jurisdiction to enter judgment in actions of assumpsit. They have also jurisdiction to sentence men to the penitentiary for larceny. It, however, can not be inferred that by a summons in an action of assumpsit, duly served, a circuit court acquires jurisdiction of the person of the defendant to try and convict him, in his absence, for larceny of the property, for the price of which the action of assumpsit was brought. Such a proceeding would simply be void." (Munroe v. People (1882), 102 Ill. 406, 411-12.) In each case sub judice the minor respondent was not even served with process nor made a party for any purpose. The orders were entered in an entirely collateral proceeding. The jurisdiction of the circuit court, then, was not invoked for the purpose of ordering the respondents to attend school. (See Munroe v. People (1882), 102 Ill. 406; Hanifan v. Needles (1884), 108 Ill. 403, 411-12; Wackerle v. People (1897), 168 Ill. 250, 255-56, 48 N.E. 123.) Accordingly, the circuit court was without jurisdiction to enter the orders.
Plaintiff argues that the circuit court nonetheless could properly exercise personal jurisdiction over the minor respondents because of their physical presence before the court and the inclusion of their names on the truancy petitions against their mothers. To the extent that these facts constituted notice to the minor respondents of the action pending in the circuit court, they are insufficient to confer jurisdiction. (Augsburg v. Frank's Car Wash, Inc. (1982), 103 Ill. App.3d 329, 431 N.E.2d 58.) Plaintiff argues, however, that these facts constitute appearances by the respondents sufficient to vest the circuit court with jurisdiction.
 2 An exception to the rule that a court only acquires personal jurisdiction after proper service of summons is where a defendant or *104 respondent appears or is permitted to intervene.[1] (Augsburg v. Frank's Car Wash, Inc. (1982), 103 Ill. App.3d 329, 431 N.E.2d 58.) The instant case does not present a question of intervention, so we will proceed to analyze whether the minor respondents appeared in the trial court. "Appearance" as that word is used in this connection is a technical term meaning more than physical presence. (See Rockdale Cable T.V. Co. v. Spadora (1981), 97 Ill. App.3d 754, 758, 423 N.E.2d 555; 6 C.J.S. Appearances sec. 21, at 27-28 (1975).) "When the question is presented whether a defendant has appeared to the merits and thus waived the question of jurisdiction over his person, the test is, has the defendant made a defense or taken other steps in the cause the disposition of which involves the exercise of jurisdiction. If the defendant appears and makes a motion or files a plea or takes any other step which the court would have no power to dispose of without jurisdiction of the defendant's person, such action on the part of the defendant will be a submission of his person to the jurisdiction of the court and will be a waiver of any objections to the jurisdiction." (Supreme Hive Ladies of the Maccabees of the World v. Harrington (1907), 227 Ill. 511, 525, 81 N.E. 533.) The question before us then is whether the minor respondents in the instant cases did any act which recognized the power of the court to act. (Lord v. Hubert (1957), 12 Ill.2d 83, 87, 145 N.E.2d 77; Ford v. Continental Illinois National Bank & Trust Co. (1974), 18 Ill. App.3d 166, 171, 309 N.E.2d 332.) In analyzing this question, we bear in mind that the cases at bar differ from the typical case involving a defendant's appearance in that the minor respondents in the instant case were not even nominal defendants, but were present in the courtroom in a non-partisan capacity. Compare Supreme Hive Ladies of the Maccabees of the World v. Harrington (1907), 227 Ill. 511, 81 N.E. 533; Brown v. Van Keuren (1930), 340 Ill. 118, 172 N.E. 1; Rockdale Cable T.V. Co. v. Spadora (1981), 97 Ill. App.3d 754, 423 N.E.2d 555; cf. In re Estate of Brash (1904), 15 Haw. 372 (orders adjudicating insanity and appointing guardian held void when entered in proceeding to probate will of another person).
In the case of A.M., the common law record contains a misdemeanor complaint styled "The People of the State of Illinois v. Mary Montgomery (child [A.M.])." The complaint charged Mary Montgomery with wilfully permitting her daughter [A.M.] to persist in her truancy. No complaint against the minor respondent herself is in the record. *105 On April 4, 1983, summons was issued and served by mail on Mary Montgomery. This summons stated that "the presence of your daughter * * * is requested." The case was thereafter set for hearing on April 15, 1983. On that date the court entered an order which provided that "[s]tudent [A.M.] must attend school. No tardys. No cut classes. No unexcused absences. No discipline problems. Working to capacity." The transcript of the hearing on April 15, 1983, indicates that prior to entering the above order, the trial court asked Mary Montgomery a series of questions and then asked A.M. her age. After hearing reports from school officials and further questioning the mother, Mary Montgomery, the court asked A.M. why she missed classes on certain dates. A.M. answered and her mother explained that she, A.M., did nothing around the house such as cleaning her room or washing dishes. The court then ordered A.M. to attend school. Mary Montgomery inquired as to the consequences of her daughter's failure to comply with the court order and the court explained that "I have just entered an order. If you violate that order, you will be in contempt of court. If I have to find you in contempt of court on April 29, for violating that order, I will send you to jail. There's no if's, and and's or but's about it. * * * I will add Defendant, that's you, and student, that's you, must appear at nine o'clock on April 29. * * * If the evidence warrants a finding of contempt, next stop will be jail. Clear?" A.M. answered affirmatively.
The record in the proceedings against D.H.J. indicates the same pattern as in the case against A.M.: the mother was named in the complaint and served with the summons and the daughter was ordered to attend school. In the case against P.F., the mother was named in the complaint and served with summons and the daughter was subpoenaed to testify. On April 22, 1983, P.F. was ordered to attend school full time. The court asked P.F. if she understood the order, and P.F. indicated that she did.
 3 Our review of these proceedings fails to indicate any act on the part of any of the minor respondents which could fairly be characterized as an appearance. None of them made a motion, filed a pleading, entered an express appearance, or otherwise recognized the power of the court to act. (Compare Lord v. Hubert (1957), 12 Ill.2d 83, 145 N.E.2d 77; Thilman & Co. v. Esposito (1980), 87 Ill. App.3d 289, 408 N.E.2d 1014.) We conclude that the minor respondents did not "appear" and that consequently they have not waived their objections to the court's exercise of jurisdiction. We note that the minor respondents' subsequent participation in the contempt proceedings does not operate to validate the prior orders. (See Mason v. Freeman National *106 Printing Equipment Co. (1977), 51 Ill. App.3d 581, 586-87, 366 N.E.2d 1015.) As we have already decided, the trial court lacked jurisdiction over the minor respondents. The orders directing them to attend school were therefore void. (Armentrout v. Dondanville (1979), 67 Ill. App.3d 1021, 1028, 385 N.E.2d 829.) Because a contempt sanction cannot be predicated on the violation of such a void order (Faris v. Faris (1966), 35 Ill.2d 305, 309, 220 N.E.2d 210), the contempt sanctions must be reversed.
The prosecution argues that People v. Graves (1979), 74 Ill.2d 279, 384 N.E.2d 1311, and People v. Kennedy (1963), 43 Ill. App.2d 299, 193 N.E.2d 464, are authority for the trial court's disposition. We find these cases to be inapposite to the case at bar. Graves involved a direct criminal contempt of court by an attorney who persisted in a line of questioning specifically prohibited by the trial court. The supreme court stated that in such case, the sanctions are based on conduct calculated to embarrass, hinder, or obstruct the court's administration of justice. Such sanctions for a direct contempt are not based on the failure to comply with a court order, but instead are rooted in the court's inherent power to proceed in an orderly fashion. (See 12 Ill. L. & Prac. Contempt sec. 4 (1983); Sunset Travel, Inc. v. Lovecchio (1983), 113 Ill. App.3d 669, 674-75, 447 N.E.2d 891.) The instant case does not present a question involving contempt sanctions for the disruption of court proceedings or otherwise hindering the administration of justice, and we therefore find Graves distinguishable.
In Kennedy, the issue of personal jurisdiction was not presented to the court, and the propriety of the underlying order was questioned only insofar as it was orally pronounced rather than written as a record entry. The court's broad statement that "persons who hear or are apprised of oral decisions and violate their provisions are liable to contempt proceedings" (People v. Kennedy (1963), 43 Ill. App.2d 299, 302) must be interpreted in light of the legal question presented to the court. (Community Renewal Society v. Department of Labor (1982), 108 Ill. App.3d 773, 779, 439 N.E.2d 975.) Because there was no question that the circuit court in Kennedy had jurisdiction to enter the order, we do not find that case controlling.
In summary, we find that the orders entered by the trial court which ordered the minor respondents to attend school were void and the minor respondents' failure to comply with the orders cannot be the basis for contempt sanctions. Accordingly, the judgment in each case is reversed.
Reversed.
LORENZ and SULLIVAN, JJ., concur.
NOTES
[1] This is not really an exception so much as a waiver of the right to challenge jurisdiction. See Supreme Hive Ladies of the Maccabees of the World v. Harrington (1907), 227 Ill. 511, 525, 81 N.E. 533.