# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**In re Estate of Burmeister, 2013 IL App (1st) 121776**

---

| | |
|---|---|
| Appellate Court Caption | In re ESTATE OF BARBARA BURMEISTER, Deceased. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-1776 |
| Filed | May 31, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from a dispute between the beneficiaries of a trust created by their deceased mother, the daughter who was appointed executor of her mother's estate, and who also succeeded her mother as trustee of the trust, was properly found to have submitted herself and the trust to the trial court's jurisdiction for purposes of the probate court's order directing her to make a partial distribution to the beneficiaries from the trust, notwithstanding her contentions that her deceased mother had transferred all of her property, save a Canadian property, to the trust prior to her death, the probate court lacked jurisdiction over the trust or her as trustee, and that the order was a nullity. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-P-6445; the Hon. Susan M. Coleman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Alan E. Sohn, of Law Offices of Alan E. Sohn, of Chicago, for appellant.

Steven J. Sandusky, of Chicago, for appellee.

Panel

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice Lampkin and Justice Hall concurred in the judgment
and opinion.

**OPINION**

¶ 1    At the time she passed away, decedent Barbara Burmeister had transferred all of her assets into an *inter vivos* trust (trust), with the exception of a parcel of real property located in Ontario, Canada. Decedent executed a will before she passed away, devising all of her property into a trust. Decedent is survived by three of her four adult children, Kristina Heinzen (Kristina), Wendy Pink (Wendy), and Neil Burmeister (Neil), who are beneficiaries of the trust. At the time decedent passed away, her fourth adult child, Eric Burmeister (Eric), was alive and was also a beneficiary of the trust. However, he passed away during the course of the probate proceedings and left no heirs other than his siblings. Pursuant to a codicil to decedent's will dated May 15, 2007, Kristina was appointed executor of decedent's estate and also succeeded the decedent as trustee of the trust.

¶ 2    During the course of Kristina's administration of decedent's estate, Wendy, Neil, and Eric filed numerous petitions and motions seeking to compel Kristina, as executor, to perform specific actions or to impose sanctions against Kristina, including a petition to compel Kristina to make a distribution of assets, which is the subject of this appeal. Kristina argues that the estate had no assets to distribute. She further argues that the probate division lacked personal jurisdiction over her *as trustee* of the trust and lacked subject matter jurisdiction over the trust because she was never made a party to the probate proceedings. The probate judge ruled that there was jurisdiction over her in her capacity as trustee and over the trust and ordered Kristina to make partial distributions to the beneficiaries of the trust. Kristina appeals, and we affirm.

¶ 3                                  BACKGROUND
¶ 4                            I. The Will and the Trust
¶ 5    As noted, decedent was survived by four adult children: Kristina Heinzen, Wendy Pink, Neil Burmeister, and Eric Burmeister. Eric passed away during the course of the proceedings below.

¶ 6    On December 27, 2000, decedent executed an *inter vivos* trust and appointed herself as trustee. The purpose of the trust was to "provide for all [decedent's] children, including any

born or adopted in the future."

¶ 7     On the same day, the decedent executed a will devising all of her property into the trust, to be administered according to its terms. The will provided that her "executor may distribute directly to any beneficiary under [the trust] any property that, if distributed to the trustee, would then be distributed to the beneficiary."

¶ 8     After executing the trust and the will, decedent transferred all of her assets into the trust except a parcel of real property located in Ontario, Canada (Canadian property). Decedent's attorney had previously contacted Larry Douglas, a Canadian lawyer, to determine how to transfer the Canadian property into the trust under Canadian law. Douglas advised that the Canadian land titles act does not recognize interests in trust, and if title to the Canadian property was transferred to a trust, or if decedent were to pass away, the "title must be dealt with in such a way that [decedent] or her estate representative transfers title as opposed to the trust assigning *** title. In effect the title is transferred as if [decedent] held title personally without the recognition of the trust." Decedent's attorney further advised decedent that transferring the title of the Canadian property to the trust would not accomplish the avoidance of probate, and therefore, decedent did not transfer the title of the Canadian property into the trust.

¶ 9     Decedent passed away on August 26, 2009. Pursuant to a codicil to her will dated May 4, 2007, Kristina was appointed as executor of the will and petitioned the probate division to probate decedent's will and to be appointed independent executor of decedent's estate. On November 10, 2009, the probate division entered an order admitting decedent's will to probate and issuing letters of office to Kristina as independent executor. None of decedent's remaining children filed a timely petition to contest the will and no objection was made to Kristina's petition to be appointed independent executor. In addition, Kristina succeeded decedent as trustee of the trust.

¶ 10    In the original will, decedent named Wendy as her executor, but the May 15, 2007, codicil changed her executor to Kristina. The trust instrument provides that Wendy would succeed decedent as trustee. The record does not disclose any documentation reflecting decedent's intent to change her intended successor trustee to Kristina. However, none of the parties dispute that Kristina was decedent's intended successor trustee, and all parties, throughout the entirety of the proceedings, conducted themselves as if Kristina is the current trustee of the trust. The record makes reference to an amendment to the trust, dated May 15, 2007, but no such amendment actually appears in the record, and that amendment may have appointed Kristina as successor trustee.

¶ 11                           II. Administration of the Estate

¶ 12    Kristina initiated probate proceedings in the circuit court of Cook County for the purpose of probating the Canadian property. In the course of the probate proceedings, decedent's children filed multiple motions and petitions seeking relief from the probate division, which include the following.

¶ 13    On September 13, 2010, Eric and Wendy filed a petition requesting the probate division to compel Kristina to place the Canadian property on the market for sale and to distribute the

proceeds of the sale. Kristina filed a response to the petition to compel, in which she referred to herself as "executor," "executor-trustee," and "trustee," and argues that Eric and Wendy were not acting in the best interest of "the estate and trust." At one point in the response, Kristina said the following: "The executor, who was also named by the decedent to be her successor as trustee of said trust, has made several significant distributions from the decedent's trust to all of the beneficiaries of the trust, including [Eric and Wendy]."

¶ 14    On November 18, 2010, Eric and Wendy petitioned the probate division to remove Kristina as executor of decedent's estate. The petition was not ruled upon but was dismissed pursuant to a stipulation.

¶ 15    On March 4, 2011, Neil's attorney, Felipé Gomez, filed a general appearance on Neil's behalf. On March 25, 2011, Gomez filed a notice of attorney's lien on any proceeds distributed to Neil from the estate or the trust. On the same day, Gomez filed a motion to withdraw, which the probate division granted.

¶ 16    On May 2, 2011, Kristina filed a motion for instructions regarding the notice of attorney's lien filed by Gomez. The motion reads as follows:

"NOW COMES Kristina Heinzen, as independent executor and as trustee of the Barbara Burmeister Trust (the 'Trust'), by her attorney Alan E. Sohn, and moves the court for instructions regarding the Notice of Attorney's Lien of Felipé Gomez, former attorney of Neil Burmeister, and the payment of a pending interim distribution from the Trust otherwise payable to Neil Burmeister, and as her reasons therefore, states:

1. The independent executor is prepared to make an interim distribution of $25,000 from the Trust to each of the residuary beneficiaries thereof, including Neil Burmeister.

2. Felipé Gomez was the attorney for Neil Burmeister in connection with certain negotiations between and among the beneficiaries of the Trust and Kristina Heinzen, as independent executor and trustee of the Trust, regarding the timing and amount of distributions from the Trust, and other matters.

3. Certain of said beneficiaries and Kristina Heinzen have reached an accord regarding said matters, and Kristina Heinzen has agreed by reason of said accord to make the aforesaid distribution.

4. On March 25, 2011, Alan E. Sohn, as the attorney for Kristina Heinzen, was served by regular mail with the Notice of Attorney's Lien of Felipé Gomez dated March 14, 2011 in which he claims to have an attorney's lien on the interest of Neil Burmeister in the Trust and the estate herein. A true and accurate copy of said Notice of Attorney's lien is attached hereto as **Exhibit A**.

5. The trustee and independent executor is uncertain regarding the validity of said claim of lien with regard to the interest of Neil Burmeister in the estate and the Trust, and therefore, respectfully requests that the Court provide instructions to her concerning the payment and distribution of Neil Burmeister's share of the aforementioned interim distribution.

**Dated: April 27, 2011**

-4-

Respectfully submitted,
Kristina Heinzen, Independent Executor

By her attorney,
Alan E. Sohn"

¶ 17    Also on May 2, 2011, the parties filed a stipulation to dismiss, providing that the parties consented to dismiss with prejudice both the petition to compel the sale of real estate and the petition to remove Kristina as executor. The stipulation stated that the court would retain jurisdiction over the matter to enforce "*any* settlement agreement." (Emphasis added.) The stipulation was signed by Kristina's attorney, referring to himself as "[c]ounsel for executor." The probate division entered an agreed order dismissing the two petitions and stated that it retained jurisdiction over the matter to "enforce *the* settlement agreement." (Emphasis added.)

¶ 18    Sometime between May 2, 2011, and August 2, 2011, Wendy filed a motion to compel a distribution of assets and requested an accounting. The record does not disclose this motion, but on August 2, 2011, the probate division entered an order continuing such a motion to August 16, 2011. On August 16, the trial court continued the motion to September 8, 2011, and gave Neil's new attorney leave to file an appearance on Neil's behalf. On September 8, the court disposed of Wendy's motion when it entered an order requiring Kristina to file an accounting before September 29, 2011.

¶ 19    On December 20, 2011, Wendy and Neil filed an objection to the accounting prepared by Kristina,[1] arguing that Kristina paid attorney fees without requiring the attorney to file a fee petition with the court. Also on December 20, 2011, Wendy and Neil filed a petition to compel Kristina to distribute assets held in the estate. It is this petition that is the subject of this appeal. The petition stated that the Canadian property had been sold and that the estate held funds in excess of $500,000. The petition stated that the estate also held additional funds of $200,000, which had been set aside to pay Canadian capital gains taxes. The petition argued that Kristina had stated that she needed to "hold a reserve for potential litigation" and was therefore refusing to make distributions at that time. The petition further argues that there was no pending litigation related to the estate other than the objection to the attorney fees, and that Kristina advised that she would make the distributions conditional upon Wendy and Neil accepting the accounting, including the payment of the attorney fees. The petition requested that the court direct Kristina to "distribute all of the proceeds of the estate to the beneficiaries after retaining a reasonable reserve for attorney's fees and the Canadian capital gains tax," and to pay Wendy's and Neil's attorney fees generated by the filing of the petition.

---

[1]Kristina argues in her response to the objection that the accounting is a trust accounting, not an estate accounting, and therefore, she was not required to file it with the probate division. However, the accounting displays the caption for the probate proceeding. The accounting appears in the record as an exhibit attached to Wendy and Neil's reply to Kristina's response to the objection to the accounting.

¶ 20 On January 20, 2012, Kristina filed a response and a motion to strike the objection to the accounting. She argues that Wendy had previously entered into a settlement with Kristina, releasing Kristina, in her roles as executor *and* trustee, from all claims, expenses, and costs incurred with respect to defending the petitions and motions previously filed by Wendy, Eric, and Neil. The settlement agreement was attached to the response. Kristina further argues that Wendy and Neil were no longer interested persons with standing to raise the objection because the period in which to contest the will had expired. Kristina next argues that decedent owned no assets in her own name at the time of her death, with the exception of the Canadian property, having instead transferred all of her other assets to the trust. Kristina claimed that the sole reason for initiating the probate proceedings was to appoint a domiciliary executor to initiate an ancillary probate proceeding in Canada for the purpose of disposing of the Canadian property. Kristina argues that the Canadian property immediately vested in the trust, pursuant to the Illinois rule favoring the immediate vesting of interests in estates, and therefore was not subject to the jurisdiction of the probate division. Furthermore, she argues that neither she, in her role as *trustee*, nor the trust was a party to the proceedings, and, thus, the probate division lacked jurisdiction over her in her capacity as trustee and over the trust. Kristina argues that her attorney did not need to submit a petition for fees because the trust is administered separate from the probate proceedings, the services rendered by the attorney were exclusively for the trustee in managing the trust, and no funds of the estate were used to pay the fees. Finally, Kristina argues that the court's involvement would impermissibly interfere with the intent of the decedent to avoid probate when she created the trust.

¶ 21 Kristina also filed a response to the petition to compel, where she argues that the decedent had no assets to probate in Illinois, because she transferred all of her assets to the trust, except for the Canadian property. Kristina also argues that neither she in her capacity as trustee nor the trust is a party to the probate proceedings, and as a result the court lacks personal and subject matter jurisdiction over the petition. Kristina further argues that Wendy and Neil's litigious nature was interfering with her ability to carry out her duties as executor and trustee, and that she was forced to defend the various petitions her siblings filed and forced to use assets from the trust to defend against the petitions. Finally, Kristina argues that the court should be reluctant to interfere with the trustee's discretion in administering the trust.

¶ 22 On May 23, 2012, the probate division entered an order finding that Kristina's attorney did not need to petition the probate division for fees prior to being paid for the independent administration of the estate and denying Wendy and Neil's objection to the accounting.

¶ 23 On June 4, 2012, the probate division entered an order on the petition to compel the distribution of assets, finding that it has jurisdiction over the trust assets and Kristina in her capacity as trustee and ordering Kristina to make partial distributions of $50,000 to each beneficiary of the trust. Kristina appeals.

¶ 24                                          ANALYSIS

¶ 25 Kristina argues on appeal that the June 4, 2012 order directing her to make a partial

distribution is a nullity because she is not a party to the proceeding and that the probate division lacks personal jurisdiction over her as trustee.[2] This is not a case where we are asked to decide the application of section 2-301 objections to jurisdiction over the person as the result of actions by a party. 735 ILCS 5/2-301 (West 2008). Here, we are asked to review an order of a trial court that found that the actions of a trustee of a trust submitted the trustee and the trust, who was not a party, to the jurisdiction of the probate division of the circuit court of Cook County.

¶ 26                                  I. Standard of Review

¶ 27    The issue of whether the circuit court has personal jurisdiction over a party is also a matter of law to be reviewed *de novo*. *White v. Ratcliffe*, 285 Ill. App. 3d 758, 764 (1996). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 28                                    II. Jurisdiction

¶ 29    Kristina argues that the probate division's order compelling her to make distributions was a nullity because she was not a party to the proceedings, and therefore, the probate division lacked personal jurisdiction over her. She argues that she was not served with process or named as a party in the proceedings, and thus, the court's order made her a "*de facto*, albeit unwilling and nonconsensual party to the proceeding."

¶ 30    Courts have no power to adjudicate a personal claim or obligation unless they have personal jurisdiction over the parties. *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957). A court attempting to enforce a claim against the person or property of an absent party would not satisfy due process required by the fifth and fourteenth amendments to the United States Constitution. *Hansberry v. Lee*, 311 U.S. 32, 41 (1940).

¶ 31    Kristina cites *In re A.M.*, 128 Ill. App. 3d 100 (1984), to argue that the probate division did not have jurisdiction over her because she was never served with process. In *A.M.*, this court stated that "*[g]enerally*, a court acquires jurisdiction over a person only after a proper service of summons." (Emphasis added.) *A.M.*, 128 Ill. App. 3d at 103 (citing *Augsburg v. Frank's Car Wash, Inc.*, 103 Ill. App. 3d 329, 333 (1982)). There are exceptions to this general rule, and if a party voluntarily appears or is allowed to intervene, the court will obtain jurisdiction over the party.[3] *A.M.*, 128 Ill. App. 3d at 103-04; *Augsburg*, 103 Ill. App. 3d at 333.

¶ 32    According to the Illinois Code of Civil Procedure:

---

[2]Kristina states in the "Issues Presented For Review" section of her opening brief that the probate division lacked subject matter jurisdiction over the trust. However, she does not argue this issue in her brief.

[3]This court acknowledged in a footnote that voluntary appearances and intervention are not exceptions to the rule that a party must be served before a court will have jurisdiction over it but, rather, are a waiver of the right to challenge jurisdiction. *A.M.*, 128 Ill. App. 3d at 104 n.1.

"(a) Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction over the party's person, either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process, by filing a motion to dismiss the entire proceeding or any cause of action involved in the proceeding or by filing a motion to quash service of process." 735 ILCS 5/2-301(a) (West 2008).

Furthermore, if a party objecting to jurisdiction over the person "files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/2-301(a-5) (West 2008). For the purposes of section 2-301(a-5), a "pleading" is a party's formal allegation of a party's claims or defenses, and a "motion" is " 'an application to the court for a ruling or an order in a pending case.' " *KSAC Corp. v. Recycle Free, Inc.*, 364 Ill. App. 3d 593, 597 (2006) (quoting *In re Marriage of Wolff*, 355 Ill. App. 3d 403, 407 (2005)).

¶ 33   On November 4, 2010, Kristina filed a response to one of the many petitions and motions filed by her siblings during the course of the proceedings below. In this response, Kristina alternatively referred to herself as "executor," "executor-trustee," and "trustee." Her attorney signed the response as the "Attorney for Defendant," not specifying whether he was representing her in her capacity as executor, trustee, or both.

¶ 34   Kristina cites to *Goodkind v. Bartlett*, 153 Ill. 419 (1894), to argue that the references to herself as "executor-trustee" and "trustee" in the response did not amount to her submitting herself, as trustee, to the jurisdiction of the probate division. The Illinois Supreme Court held in *Goodkind* that, in the absence of a statute permitting it, persons "cannot be made parties litigant by mere *descriptio persona*, but must be designated by name, both in the process and in the judgment." *Goodkind*, 153 Ill. at 423. In *Goodkind*, the bill and summons named "John N. Hummer and ... Hummer, his wife" as defendants. *Goodkind*, 153 Ill. at 423. The bill and summons did not refer to Hummer's wife by name, but instead stated that she existed by describing her relationship to Hummer as his wife. *Goodkind*, 153 Ill. at 423. Our supreme court determined that the reference to Rachel Hummer, Hummer's wife, without naming her, was insufficient to make her a party to the proceeding. *Goodkind*, 153 Ill. at 423.

¶ 35   The *Goodkind* case is distinguishable to the case at bar. Kristina was never served with process, but became a party to the proceedings by her own actions. She made a motion for instructions from the trial court regarding the notice of attorney's lien of Felipé Gomez, as it pertained to the payment of a pending interim distribution from the trust to Neil. This motion involved the trust and submitted the trust and herself as trustee to the jurisdiction of the court. As our supreme court instructed in *Lord v. Hubert*, "a person cannot, by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists." *Lord v. Hubert*, 12 Ill. 2d 83, 87 (1957) (citing *Supreme Hive Ladies of the Maccabees of the World v. Harrington*, 227 Ill. 511, 525 (1907)). The sole object of process is to notify the defendant of pending litigation so as to secure his appearance, and though not named as a party in the original action, a person may subsequently appear even after judgment and become bound by the foregoing proceedings as if initially served. *People*

*v. Estep*, 6 Ill. 2d 127, 128 (1955); *Marsh v. Green*, 79 Ill. 385, 387 (1875); 3 Am. Jur. *Appearances* § 37.

¶ 36    In the *Lord* case, our supreme court stated that "[a]lthough the court participation may come in many forms, suffice to say that any action taken by the litigant which recognizes the case as in court will amount to a general appearance unless such action was for the sole purpose of objecting to the jurisdiction." *Lord*, 12 Ill. 2d at 87 (citing *Estep*, 6 Ill. 2d at 128; and *Supreme Hive Ladies*, 227 Ill. at 524).

¶ 37    The *Lord* plaintiff, Clair Max Lord, took the position that although his interest antedated an initial partition of certain farmlands in McLean County where he was not a party, any interest which he had in the property at the time could not have been extinguished by those proceedings. *Lord*, 12 Ill. 2d at 84. The decree of partition expressly found that Edward Lord was the only child of Guy Lord, not mentioning Clair Max Lord, who was also a son of Guy Lord. *Lord*, 12 Ill. 2d at 85. Clair lived with his mother and joined with her in filing a complaint to cause the net income from a trust from monies received from the partition suit held by the Corn Belt Bank, as trustee for Guy Lord to be paid to her for his support. *Lord*, 12 Ill. 2d at 85. Clair was successful in this litigation. *Lord*, 12 Ill. 2d at 85. Our supreme court found:

> "There is no question but what Lord was neither served with process nor appeared prior to the date of the original partition sale. However, in 1940 he joined as plaintiff in a separate proceeding to obtain the trust income derived from proceeds of said sale, and in 1953 petitioned the court *in the original partition cause* to terminate such trust and pay the proceeds over to him as the ultimate beneficiary. In both of these actions Lord not only acknowledged the existence of the prior partition proceedings but by seeking the benefits thereof also admitted their validity. Since the trust *corpus* and sale arose from the same litigation, Lord cannot champion one and challenge the other." (Emphasis in original.) *Lord*, 12 Ill. 2d at 86-87.

¶ 38    In the case at bar, once Kristina requested the trial court to rule on a trust matter, she submitted the trust and herself as trustee to the jurisdiction of the court. Kristina cannot by her voluntary action of requesting instructions from the court pertaining to the trust, deny that jurisdiction exists because she received an adverse ruling. *Lord*, 12 Ill. 2d at 87. Kristina submitted herself as trustee and the trust to the jurisdiction of the court.

¶ 39                                    CONCLUSION

¶ 40    Once Kristina, as trustee of the trust, requested instructions from the probate judge pertaining to a trust matter, she submitted the trust and herself as trustee to the jurisdiction of the court.

¶ 41    Affirmed.