RAYMONDVILLE PAPER CO. v. ST. GABRIEL LUMBER CO., Limited.

(Circuit Court, N. D. New York. November 22, 1905.)

APPEARANCE—RIGHT TO WITHDRAW UNAUTHORIZED APPEARANCE—ESTOPPEL BY ACQUIESCENCE.

A corporation defendant is not entitled to withdraw a general appearance entered for it by counsel, on the ground that they were only authorized to appear specially, where it knew of such general appearance for four months during which negotiations for settlement were in progress, and made no objection thereto.

On Motion by Defendant to be Allowed to Withdraw Notice of General Appearance, on the Ground of Mistake of Law.

Purcell, Burns & Purcell, for the motion.
Francis M. Hugo, opposed.

RAY, District Judge. The plaintiff is a corporation of the state of New York. The defendant is a corporation of the Dominion of Canada.

The action was commenced in the Supreme Court of the state of New York, April 11, 1905, by service of a summons and notice of claim on Francis P. McManus, a director and vice president of defendant, at the city of New York. It is asserted that he was there temporarily, and within the state of New York on his own private business, and not on that of defendant company, and that the defendant was doing no business in New York state, etc., and that therefore the service of the summons may be set aside as not good or valid.

April 29, 1905, the defendant appeared specially herein for the purpose of the removal of the cause from the Supreme Court of the state of New York to the Circuit Court of the United States, Northern District

of New. York, which was done regularly, "and also for the further purpose of moving in the said Circuit Court to vacate and set aside the service of the summons herein on said defendant, and for no other purpose." This declaration appears in the notice of special appearance.

· The same day defendant's attorney stipulated in writing that:

"Defendant may have until 10 days after the hearing and decision of a motion to be made by it herein for the purpose of vacating and setting aside the service of a summons upon it herein to appear specially or generally or otherwise to move or plead, providing such motion be made by the said defendant within 20 days from the date hereof."

Thereupon some correspondence was had looking to a settlement of the litigation. May 12, 1905, Purcell, Burns & Purcell, who had appeared specially, served a notice of general appearance for defendant and demanded a copy of the complaint, etc. No motion was made, nor has any been made, to set aside the service of such summons. Defendant's attorneys state in substance that on examining the Code of Civil Procedure of the state of New York they arrived at the conclusion that the service was good, and thereupon served the notice of general appearance. They insist, however, that they had no authority to appear generally, and that such appearance was unauthorized. However, after the service of this general appearance further correspondence as to a settlement was had, and plaintiff's time to plead was extended. This correspondence extended through the summer and early fall. McGibbon, Casgrain, Mitchell & Surveyor, of Montreal, Canada, represented defendants, and it appears from their letters that they knew of the general appearance and made no dissent until October. Now, the negotiations for settlement having failed, defendant seeks to be relieved from the general appearance entered in May.

Conceding that Purcell, Burns & Purcell had no authority to enter a general appearance at the time they did, I am of opinion that defendant acquiesced in and ratified such general appearance. It was only after the lapse of four months that they raised the question of want of authority to appear generally, and during that time negotiations for a settlement were carried on, and it was even stated by Mr. McGibbon that the time to serve the complaint might be extended, etc. It was incumbent on the defendant, on learning through its Montreal agents and attorneys of the general appearance, to disclaim it. This it failed to do for four months. Messrs. Purcell, Burns & Purcell have not been guilty of any neglect or impropriety. Their action in appearing generally was ratified, or at least, approved and acquiesced in for four months during negotiations for a settlement, and during that time service of the complaint was delayed.

The application comes too late, and the motion is denied. An order will be entered accordingly.