(No. 18819.—

CORA O'DEA, Defendant in Error, *vs.* J. E. THROM, Plaintiff in Error.

*Opinion filed October 25, 1928.*

JAMES VAUSE, JR., and CARL D. KIGER, (J. I. DILSAVER, of counsel,) for plaintiff in error.

A. C. & BEN F. ANDERSON, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiff in error seeks a review of the judgment of the Appellate Court assessing damages against him on the dismissal of his appeal to that court. Defendant in error at the October, 1927, term of the circuit court of Coles county, recovered a judgment against plaintiff in error in the sum of $5100 and costs. He prayed and was allowed an appeal to the Appellate Court for the Third District. The order allowing the appeal was upon condition that he file a bond in the sum of $6000 within thirty days and a bill of exceptions within sixty days. The order was silent as to the approval of the bond. The bond was approved by the clerk of that court. The bill of exceptions and a complete transcript of the record were filed in the office of the clerk of the Appellate Court, in accordance with the order for the appeal, within the time and in the manner prescribed by statute. Defendant in error entered a limited appearance in the Appellate Court and moved to dismiss the appeal for the reason that the bond was approved by the clerk of the trial court without authority from that court so to do. The motion also prayed that damages be assessed as provided in section 101 of the Practice act. The motion was allowed, and the Appellate Court dismissed the appeal and assessed the defendant in error's damages at five per cent of the judgment, amounting to $255. The cause is here by writ of *certiorari*.

There is no question concerning the sufficiency of the record and abstract in the Appellate Court. The only ground for the dismissal was the failure to secure approval of the bond by the court rather than by the clerk, as was done. It is not contended by plaintiff in error that the Appellate Court erred in dismissing his appeal, but the error complained of is the assessment of a penalty under section 101 of the Practice act. That act, in so far as it is important here, provides as follows: "When appeals from

judgments, orders or decrees for the recovery of money are dismissed by the Supreme or Appellate Court for want of prosecution, or for failing to file authenticated copies of records, as required by law, or are affirmed for either of such causes, the court shall enter judgment against the appellants for not less than five (5) nor more than ten (10) per cent damages on the amount recovered in the trial court or inferior court."

It will be noted that the statute authorizes the reviewing court to assess damages either when the cause is dismissed or affirmed for want of prosecution, or for failure to file an authenticated copy of the record as required by law. The appeal in this case was dismissed, and it is conceded that it was not because of failure to file an authenticated copy of the record as required by law. The only other ground upon which the Appellate Court might, on order of dismissal, impose damages against an appellant is want of prosecution. There is no authority in the Appellate Court to assess damages except as provided by statute, and unless the judgment for damages against plaintiff in error in this case was assessed for want of prosecution no justification for such damages exists. The cause then resolves itself into the simple question whether the failure to have the bond approved by the court but securing its approval by the clerk amounted to want of prosecution as contemplated by the statute. Webster's International Dictionary defines "prosecution" as "the institution and carrying on of a suit or proceeding in a court of law or equity to obtain or enforce some right or to redress and punish some wrong; the carrying on of a judicial proceeding on behalf of a complaining party." Want of prosecution has been considered by this court as a want of diligence in prosecuting or carrying on a cause. It has been held that courts have inherent power, in the interest of justice, to dismiss suits for want of prosecution. (*Daly* v. *City of*

*Chicago,* 295 Ill. 276; *Sanitary District* v. *Chapin,* 226 id. 499.) An element entering into all situations under which courts are justified in dismissing a case for want of prosecution is delay or lack of diligence in carrying on the lawsuit. A plaintiff may not file his case and sit idly by and thereby perhaps gain some advantage by the existence of the case unprosecuted. It is neither within the letter nor the spirit of the law that such be permitted. While in some cases a greater degree of diligence is required to avoid want of prosecution than in others, yet the question always is whether, under the circumstances of the particular case, the plaintiff has been duly diligent. There is no element of delay or failure to prosecute with diligence in this case. It is conceded that the appeal was prosecuted erroneously. Want of prosecution is not to be construed as meaning an erroneous attempt to prosecute. The statute is penal and should be construed to carry out the obvious intention of the legislature and be limited to that intention. In order to impose a penalty the circumstances must come not only within the letter but within the spirit and purpose of the penal statute. Such a statute should be given a rational construction. (2 Sutherland on Stat. Const.—2d ed.— sec. 526.) Courts do not look with favor upon penalties but are inclined against them. Penalties should only be recovered in a case which comes within the letter and the spirit of the act. Error in the manner of approval of an appeal bond does not constitute want of prosecution. There being no ground on which the Appellate Court can assess damages other than as set out in section 101 of the Practice act, it was error to assess damages in this case.

The judgment of the Appellate Court is therefore reversed and the cause remanded to that court, with directions to enter a proper judgment.

*Reversed and remanded, with directions.*