Herta G. Athens, Appellant, v. Norma T. Ernst, Appellee.

Gen. No. 44,969.

Opinion filed November 29, 1950. Rehearing denied December 20, 1950. Released for publication February 23, 1951.

JOSEPH F. ELWARD, of Chicago, for appellant; EDWARD S. MACIE, of Chicago, of counsel.

LESTER E. MUNSON, WILLIAM S. DUNNING, and GREGORY A. GELDERMAN, all of Chicago, for appellee; WILLIAM S. DUNNING, of Chicago, of counsel.

Mr. Justice Lewe delivered the opinion of the court.

Plaintiff appeals from an order dismissing the cause for want of prosecution in an action to recover damages for personal injuries and for property damage resulting from a boiler explosion in the premises owned by the defendant and leased to plaintiff.

August 24, 1942, plaintiff filed a complaint alleging in substance that she operated a beauty shop in the premises owned by the defendant and that on April 11, 1941, an explosion or a fire of unusual violence took place in the central heating plant causing substantial damage to plaintiff's premises and equipment and that certain furniture in defendant's premises fell as a result of the explosion and struck the plaintiff, causing the physical injuries complained of.

August 24, 1942, summons was issued and returned by the sheriff "not found," and October 8, 1942, an alias summons was issued and likewise returned "not found." Afterward on March 27, 1948, a pluries summons was issued which according to the return was served upon defendant personally on the 29th day of March 1948.

May 11, 1948, a stipulation was filed by the attorneys for the parties extending defendant's time in which "to answer or move to strike the complaint" to June 1, 1948. A similar stipulation was filed June 8th extending defendant's time to plead to July 1st. December 23, 1948, after a lapse of over seven months after defendant's general appearance was filed, her attorney, Gregory A. Gelderman, filed a petition praying that he be given leave to withdraw the general appearance and substitute a special appearance for the defendant, and for leave to file a motion to quash service of process and to dismiss the suit on the ground that plaintiff failed to exercise diligence in obtaining service

pursuant to Rule 5 of our Supreme Court [Ill. Rev. Stat. 1949, ch. 110, par. 259.5; Jones Ill. Stats. Ann. 105.05]. On the same day the law firm of Yates & Roche joined Gelderman as defendant's attorneys and filed a similar motion alleging the same ground. In support of her motion to quash the service and dismiss the action defendant filed an affidavit averring that she had lived continuously for twelve years at 550 Belmont avenue in the City of Chicago, Illinois; that she was continuously available for service of process; that she did not know of the pendency of the instant suit until March 1948; that her telephone was listed in the telephone directory of the City of Chicago under the name of her husband, A. W. Ernst, for the past twelve years, and that she never made any effort to avoid service of process. The affidavit further averred that the premises owned by defendant where the alleged explosion occurred were managed by her agents H. W. Ernst & Co. with offices at 445 West North avenue in the City of Chicago, and that Ernst & Co. were located at that address for more than twenty-five years until the firm went into receivership in 1948.

Joseph F. Elward, attorney for the plaintiff, testified that when he prepared the complaint in the instant suit he tried to locate the defendant; that he checked the title to defendant's premises and made a tax search; that the tax record disclosed that the taxes on the premises in question were paid from the office of Ernst & Co.; that he examined the voters' precinct list for the purpose of ascertaining defendant's address; that he made telephone calls to Ernst & Co. and asked them for defendant's address and was informed that all communications must be addressed to the office of Ernst & Co.; and that the plaintiff's lease from defendant provided for payment of rent at the office of Ernst & Co. This witness further testified that shortly after defendant was served with pluries summons her at-

torney, Gelderman, stated to the witness that he represented the defendant and "would like some time to file his pleadings"; that in the summer of 1948, Gelderman told the witness in substance that Ernst & Co. had gone into receivership, and some question arose whether the insurance carrier of public liability insurance would accept or decline responsibility; that in the fall of 1948, the witness had several conversations with attorney Gelderman and that Gelderman asked him not to press the suit, saying, "I think we are going to adjust the matter with the insurance company; do not press me; I will take care of it as soon as I can."

Rule 5, subpar. (2) [Ill. Rev. Stat. 1949, ch. 110, par. 259.5, subpar. (2); Jones Ill. Stats. Ann. 105.05, subpar. (2)] of our Supreme Court provides that: "Where the plaintiff fails to show reasonable diligence to obtain service through the issuance of alias writs, the action may be dismissed on the application of any defendant or on the court's own motion."

■ Courts have inherent powers in the interest of justice to dismiss suits for want of prosecution. See *O'Dea v. Throm,* 332 Ill. 89; *Daly v. City of Chicago,* 295 Ill. 276; and *Sanitary District of Chicago v. Chapin,* 226 Ill. 499.

■ Plaintiff insists that defendant's delay in making her motion to quash the service of process and to dismiss, more than seven months after her general appearance was filed, constituted laches. The uncontroverted evidence discloses that after defendant had filed a general appearance her attorney asked plaintiff's attorney not to press the suit because he was attempting to make a settlement with the insurance company. While these negotiations were pending plaintiff's counsel repeatedly stipulated to extend defendant's time in which to file pleadings. During this period no question was raised by defendant as to any defects or irregularities in the process. Upon the filing

of a general appearance defendant submitted herself to the jurisdiction of the court and waived any irregularities with respect to process. (*People v. United Medical Service, Inc.,* 362 Ill. 442; *Wilson Bros. v. Haege,* 347 Ill. 140; *Welter v. Bowman Dairy Co.,* 318 Ill. App. 305.) No case has been called to our attention where the precise question here presented was determined in the courts of review in Illinois.

In *Raymondville Paper Co. v. St. Gabriel Lumber Co., Ltd.,* 140 Fed. 965, suit was commenced on April 11, 1905. April 29, 1905, defendant appeared specially for the purpose of removing the cause from the State court of New York to the Circuit Court of the United States and on the same day entered into a stipulation that defendant "may have until ten days after the hearing and decision of a motion to be made by it herein for the purpose of vacating and setting aside service of a summons upon it herein to appear specially or generally or otherwise to move or plead." May 12, 1905, defendant's attorney filed a general appearance. Afterward there was some correspondence between the parties relative to a settlement of the plaintiff's claim. Negotiations for settlement having failed, defendant raised the question of want of authority of its attorneys to appear generally. The court held that the action of defendant's lawyers in appearing generally was ratified or at least approved and acquiesced in for four months during negotiations for settlement, and therefore the application for leave to file a special appearance came too late.

We think there is a strong analogy between the case of *Raymondville Paper Co. v. St. Gabriel Lumber Co., Ltd.,* 140 Fed. 965, and the instant case. Here more than seven months elapsed before defendant asked leave to withdraw her general appearance. In the meantime she was trying to "adjust" the matter with the insurance company in order to relieve herself of

liability, or in any event of the responsibility of defending the present suit, and, after having failed, raised for the first time the question of plaintiff's exercise of reasonable diligence in obtaining service.

■■ Formal defects and irregularities in process or the service thereof must be taken advantage of at the first opportunity, and before any step in the cause is taken; otherwise they will be held to be waived. (42 Am. Jur., p. 101, sec. 116.) While we are not condoning plaintiff's lack of diligence, if any, in carrying on her law suit, on the other hand it would seem unjust to permit defendant to avail herself of the advantages of a general appearance and then, many months afterward, when the negotiations with her insurer had failed, to question the jurisdiction of the court by making a motion to quash the service.

Our Civil Practice Act provides that it shall be liberally construed to the end that controversies may be determined according to the substantive rights of the parties (ch. 110, par. 128 [Jones Ill. Stats. Ann. 104.004]). Under the circumstances shown we think the plaintiff is entitled to her day in court.

■ For the reasons stated, the order dismissing the cause is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

*Order reversed and cause remanded with directions.*

BURKE, P. J., and KILEY, J., concur.