PAUL I. LANGE, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(No. 55969;

First District—January 31, 1973.

John H. Galgano and Dom J. Rizzi, both of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Daniel Pascale, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Paul I. Lange, appeals from an order entered in the Circuit Court of Cook County denying his petition to vacate a prior order entered by the trial court dismissing his cause of action for want of prosecution.

The sole issue presented on appeal is whether the trial court's denial of the plaintiff's petition to vacate the dismissal of his cause of action for want of prosecution constitutes an abuse of judicial discretion.

On November 29, 1966, Paul I. Lange was involved in an automobile accident. He subsequently brought suit against the City of Chicago alleging negligence in maintaining the street where the accident occurred. The City of Chicago filed its answer and the case was placed on the preliminary trial call. On December 30, 1970, the case was called for trial. When neither the plaintiff nor his attorney appeared, the case was dismissed for want of prosecution. On January 22, 1971, the plaintiff's attorney presented a petition requesting the court vacate the dismissal for want of prosecution and reinstate the case. The trial court allowed the plaintiff's petition, vacated its prior dismissal for want of prosecution and set the case for trial on February 9, 1971.

Subsequently, the plaintiff's attorney referred the case to another attorney for trial. When the plaintiff's case was called for trial on February 9, 1971, the trial attorney advised the court the plaintiff's physician was not available for trial at that time and requested a continuance. The trial court, however, noted the trial attorney had not filed an appearance on behalf of the plaintiff and dismissed the plaintiff's cause of action for want of prosecution. The trial attorney thereafter filed his appearance and on February 12, 1971, presented a petition requesting the trial court vacate its prior dismissal of the plaintiff's cause of action for want of prosecution. The trial court denied the petition. On February 25, 1971, the plaintiff's original attorney likewise presented a petition putting forth a similar request. The trial court also denied the second petition. The plaintiff herein appeals from the trial court's denial of such petitions to vacate the dismissal of his cause of action for want of prosecution.

The plaintiff contends the trial court's denial of the petitions to vacate the dismissal of his cause of action for want of prosecution constitutes an abuse of judicial discretion. In support of this contention the plaintiff relies on a recent Illinois decision which in effect states a cause of action should only be dismissed when the actions of the litigant are reflective

of an unwarranted disregard of the court's authority. (*Schwartz v. Moats* (1972), 3 Ill.App.3d 596.) In view of this case, the plaintiff contends the conduct of both his original attorney and his trial attorney falls far short of meeting the degree of culpability which could be deemed an unwarranted disregard of the court's authority, and therefore the dismissal of his cause of action for want of prosecution should have been vacated by the trial court.

■■■ The law in Illinois in regard to the dismissal of a cause of action for want of prosecution is set forth in *Elward v. Mancuso Chevrolet* (1970), 122 Ill.App.2d 421, where the court stated:

> "Under the law of this State (Athens v. Ernst, 342 Ill.App. 357, 96 N.E.2d 643; Sanitary Dist. of Chicago v. Chapin, 226 Ill. 499, 80 N.E. 1017), the courts have inherent power to dismiss a lawsuit for want of prosecution. A failure to act or other circumstances which would justify the dismissal of an action for want of prosecution could necessarily vary from case to case. A determination of whether there has been a lack of prosecution which justifies a dismissal, is said to rest within the sound discretion of the trial court and the determination of the trial court will not be disturbed unless such court has abused its discretion (Epley v. Epley, 328 Ill. 582, 160 N.E. 113)."

■■ The record in the instant case reflects the plaintiff's cause of action was not dismissed for want of prosecution once, but twice. The record further reflects that when the first dismissal was vacated, a trial date was set by the court. On the trial date set by the court, February 9, 1971, the case was called for trial; however, the attorney who approached the court and requested a further continuance was not the plaintiff's attorney of record at that time, nor was the plaintiff's attorney of record present. In view of this fact, when considered in light of the fact that this same case had been dismissed for want of prosecution by the same court on a prior occasion, we believe the determination of the trial court that there was a lack of prosecution which justified a dismissal was proper. For that reason, we find the denial of the petitions to vacate the dismissal of the plaintiff's cause of action for want of prosecution did not constitute an abuse of judicial discretion by the trial court, and therefore we refuse to disturb the judgment of the trial court.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.