18 Ill. App.3d 166 (1974)
309 N.E.2d 332
WILLIAM G. FORD et al., Plaintiffs-Appellants,
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY, as Trustee, et al., Defendants-Appellees.
No. 57448.
Illinois Appellate Court  First District (4th Division).
February 27, 1974.
*167 Burke and Burke, of Chicago (John M. Newell, of counsel), for appellants.
William J. Harte, of Chicago, for appellee Howard Carroll.
Judgment affirmed.
Mr. JUSTICE JOHNSON delivered the opinion of the court:
This action was brought to recover damages for injuries sustained by plaintiffs on November 23, 1963, as the result of the alleged negligence of a number of defendants. The Carroll Chemical Company was one of the defendants named in the original complaint, filed November 17, 1964. On June 27, 1967, Howard Carroll, an officer of the Carroll Chemical Company, was added as a defendant in his individual capacity. Service was purportedly effected upon Howard Carroll on July 8, 1967. A default judgment was entered against Howard Carroll in the amount of $88,000 for plaintiff Ford and $7500 for plaintiff Cortez on February 4, 1970. There was no execution on the judgment.
On March 23, 1971, Howard Carroll filed a motion before Honorable Wilbert F. Crowley for leave to file a special and limited appearance to contest jurisdiction over his person and to vacate the default judgment entered against him. The motion alleged that Howard Carroll had never been personally served with summons. After hearing evidence on the motion, the trial court entered an order on February 15, 1972, granting Howard Carroll's motion to quash service of summons and vacating the judgment entered against him. The court further ordered that there was no just reason for delaying the enforcement and appeal of its order.
Plaintiffs have taken this appeal from the trial court's orders which quashed the service of summons and vacated the prior judgment against Howard Carroll. They present the following issues for our review:
1. Whether a sheriff's return of summons can be set aside on the uncorroborated testimony of the defendant challenging said service;

*168 2. Whether the defendant, Howard Carroll, participated in this suit, thereby waiving any defect in the service of summons;
3. Whether the defendant, Howard Carroll, failed to object to the jurisdiction of the court in a timely manner, thereby waiving any defect in the service of summons.
An additional issue, raised by the defendant, is whether the order of the trial court from which plaintiffs appeal is an interlocutory order and, therefore, not appealable.
The facts pertaining on review are as follows: The complaint in this case was initially filed on November 17, 1964, against the Continental Illinois Bank and Trust Company, as Trustee, and the Carroll Chemical Company. It charged that the plaintiffs, both employees of the Carroll Chemical Company, were injured on November 23, 1963, while "lawfully plying their trade" as a proximate result of the negligence of the defendants. On March 30, 1966, plaintiffs noticed Ira Carroll and Howard Carroll, as "president and secretary of defendant company, Carroll Chemical Co.," for deposition. Howard Carroll gave his deposition pursuant to subpoena on March 9, 1967. He was represented by attorney David Goodman.
Plaintiffs obtained leave of court on June 27, 1967, to file their second amended complaint. This complaint repeated in substance the allegations made in the original complaint and, in addition, named Ira Carroll and Howard Carroll, "individually and d/b/a Carroll Chemical Co.," as defendants with summons to issue. The summons was returned on July 8, 1967, as having been personally served upon Howard Carroll; the address listed for Howard Carroll on the summons was 6241 North Rockwell, Chicago, Illinois. The return of summons further indicated that Ira Carroll could not be located.
On January 3, 1968, a notice for the deposition of Howard Carroll was directed to attorney David Goodman. Pursuant to this notice, Howard Carroll appeared and gave his deposition on March 6, 1968.
Plaintiffs' cause of action was dismissed for want of prosecution on January 21, 1970. On January 22, 1970, plaintiffs filed a notice of motion to vacate the order of dismissal; and the court entered an order reinstating the case on the same day. No notice of the motion to vacate the order of dismissal was given to the defendant, Howard Carroll, or his attorney.
The case reached trial on February 4, 1970. Ira Carroll was dismissed by the court because he had not been served with summons. Howard Carroll did not appear. A jury verdict was entered against Howard Carroll on the prove-up in the amount of $88,000 for plaintiff Ford and $7500 for plaintiff Cortez. The trial court entered judgment on the verdict in *169 the amount of $95,500 plus costs. There was no execution on the judgment.
On March 23, 1971, Howard Carroll was granted leave to file a special and limited appearance to contest jurisdiction over his person. The special and limited appearance was accompanied by a motion to vacate the judgment entered against him on the ground that Howard Carroll had never been served with summons. At a hearing on the motion held before Judge Crowley on February 15, 1972, testimony was taken from Howard Carroll and David Goodman. Howard Carroll testified that, at the time he was purportedly served with summons, he resided at 6241 North Rockwell in Chicago, Illinois, with his mother and that his mother was on vacation in California from June 29, 1967, until July 15, 1967. Carroll testified further that he graduated from law school in the spring of 1967 and attended the Hardy Bar Review course during the summer of 1967. On July 8, 1967, Carroll stated that he studied at the Northwestern University library for the bar examination and that he was away from his residence from 8 A.M. until 10 P.M. At no time, according to Carroll, was he served with summons on July 8, 1967, or on any other date.
David Goodman testified that he was retained by Carroll Chemical Company in 1963 to represent it concerning the occurrence of November 23, 1963. He stated that he represented Howard Carroll in his capacity as an officer of the corporation at two depositions taken in connection with this lawsuit: according to Goodman, it was his understanding that the first deposition of Carroll was pursuant to subpoena and the second deposition was a continuation of the first. Goodman further testified that he received no notice of an amendment to the complaint naming Howard Carroll individually as a defendant; that he had no knowledge at the time the depositions were taken that there had been a purported service upon Howard Carroll in his individual capacity; that he never filed a petition for Howard Carroll individually in that case; and, that he never voluntarily submitted Howard Carroll to the jurisdiction of the court.
At the conclusion of the hearing, the trial court granted Howard Carroll's motion to quash service of summons and to vacate the judgment entered against him. The court further found that there was no just reason for delaying the enforcement and appeal of its order. A notice of appeal was timely filed by plaintiffs-appellants.
Defendant, in his brief, argues that the order of the trial court vacating the judgment against him on the ground that he was not served with summons is an interlocutory order and, therefore, is not appealable. He contends that the order entered in this case is not a final judgment because it does not terminate the litigation between the parties on the *170 merits. Carroll further contends that the trial court's order is not an interlocutory order from which an appeal may be taken as of right pursuant to Supreme Court Rule 307. Ill. Rev. Stat. 1971, ch. 110A, par. 307.
Supreme Court Rule 304(a) provides:
"If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal." Ill. Rev. Stat. 1971, ch. 110A, par. 304(a).
 1 We find that the order entered by the trial court complies with the requirements of Supreme Court Rule 304. The court made an express written finding that there was no just reason for delaying appeal. The order did not reinstate the cause on the trial calendar nor did it require Carroll to answer the allegations made in plaintiffs' complaint. In view of the above, we hold that this matter is properly before us on appeal.
We turn now to the issues presented for review by the plaintiffs. Their first argument is that service of summons should not have been quashed because a sheriff's return of summons is presumed valid. The defendant counters that he has overcome the presumption in favor of the validity of service and verity of the return by clear and convincing evidence.
In Illinois the sheriff's return is prima facie proof of service and can be overcome only by clear and convincing proof. (Marnik v. Cusack (1925), 317 Ill. 362, 364, 148 N.E. 42, 43; Isaacs v. The Shoreland Hotel (1963), 40 Ill. App.2d 108, 110, 188 N.E.2d 776, 778.) Thus, the question to be resolved here is whether the trial court's decision that no service was had upon the defendant is supported by clear and convincing evidence in the record.
The sheriff's return indicates that Carroll was served personally with summons on July 8, 1967. However, Carroll denied that he was served at any time. According to Carroll, his mother was in California and he was away from his residence from 8 A.M. until 10 P.M. on July 8, 1967. On cross-examination he was asked how he could be certain of his whereabouts on that day, and Carroll responded that he was at the Northwestern University library studying for the Bar examination on the day in question. Attorney David Goodman also testified in support of Carroll's contention that he had never been served with summons in his individual capacity. Goodman stated that he represented Carroll at two depositions in this case: the first deposition was pursuant to subpoena, and Goodman testified that he understood that the second deposition was a continuation of the first. According to Goodman, he had no knowledge of a purported *171 service upon Carroll individually and he never voluntarily submitted Carroll to the jurisdiction of the court.
 2 After a careful review of the record presented to us, we hold that there was sufficient evidence in it to rebut the presumption of validity. Carroll testified that he was not served. The plaintiffs were given an opportunity to cross-examine him at the hearing, but they were unable to impeach or discredit his testimony. The testimony of attorney David Goodman lends further credence to Carroll's statement that he was not served. Moreover, the experienced and distinguished trial judge heard the evidence and determined that the defendant had overcome the presumption in favor of the validity of the sheriff's return. Since it is his proper function to judge the credibility of the witnesses, we will not substitute ourselves for the trial judge in determining this issue. Abron v. Public Pontiac, Inc. (1965), 64 Ill. App.2d 73, 77, 212 N.E.2d 326, 328.
 3 The next contention argued by plaintiffs is that, even if Howard Carroll was not properly served, he waived any defect in the service of summons by his participation in the lawsuit. In support of this position, plaintiffs rely upon Greer v. Ludwick (1968), 100 Ill. App.2d 27, 241 N.E.2d 4, and Widicus v. South-Western Electric Cooperative, Inc. (1960), 26 Ill. App.2d 102, 167 N.E.2d 799. In these two cases the following standard was applied to determine that a party had entered an appearance:
"Any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was solely to object to the jurisdiction."
In Greer, the defendants took action by sending letters to the court denying certain allegations in the complaint. In Widicus, the defendant took action by participating in a trial on the question of damages after a default judgment against him had been vacated. Here, no comparable action was taken by Howard Carroll.
 4, 5 We are unable to find that Howard Carroll participated sufficiently in the lawsuit to waive service of summons and give the trial court personal jurisdiction over him without service of summons. Plaintiffs urge that we find that Carroll participated in view of the fact that Goodman received notice of numerous motions; however, these notices of motions were sent to Goodman as an attorney representing Carroll Chemical Company and cannot be made applicable to one of the officers of the corporation to bind him individually. Neither did the depositions given by Carroll constitute an appearance in his individual capacity. It is undisputed that the first deposition was prior to the filing of the amended complaint and was pursuant to subpoena. With regard to the *172 second deposition, Goodman testified that he considered it a continuation of the first deposition. Moreover, the Supreme Court Rules expressly provide for noticing an officer of a defendant corporation for deposition. (Ill. Rev. Stat. 1971, ch. 110A, sec. 204(a)(3).) Consequently, an appearance at a deposition by an officer of a corporation pursuant to notice is not inconsistent with a claim that the officer did not appear in his individual capacity. We hold that appearing at a deposition in response to a subpoena is not sufficient participation in a lawsuit to give the court jurisdiction of a party.
Finally, plaintiffs contend that the defendant failed to object to the jurisdiction of the court in a timely manner and, therefore, waived any defect in the service of summons. They quote the following rule of law from Athens v. Ernst (1950), 342 Ill. App. 357, 363, 96 N.E.2d 643, 645:
"Formal defects and irregularities in process or the service thereof must be taken advantage of at the first opportunity, and before any step in the cause is taken; otherwise they will be held to be waived."
In Athens, defendant's attorney filed a general appearance and filed a stipulation to extend time to answer or otherwise plead after the purported service of summons. Seven months thereafter, she asked leave to withdraw her general appearance so as to attack the service, and this inactivity gave rise to the court's above statement.
 6 Here, defendant contends that neither he nor his attorney knew about the purported service of summons until after the judgment was entered. They received no notice that the dismissal for want of prosecution had been vacated or that a default judgment had been entered against him. No execution was made relative to the judgment. In view of these facts, we hold that the defendant did not waive the defect in service of summons by virtue of a failure to timely object to the jurisdiction of the court.
In view of the foregoing, we conclude that the trial court did not abuse its discretion in quashing the service of summons and vacating the judgment herein and we, therefore, affirm the order of the circuit court of Cook County.
Affirmed.
ADESKO, P.J., and DIERINGER, J., concur.