2025 IL App (1st) 241467-U

SECOND DIVISION
January 21, 2025

No. 1-24-1467

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| 1205 MILWAUKEE LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 241702994 |
| | ) | |
| TONY COLE, | ) | Honorable |
| | ) | Regina A. Mescall, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Rena Marie Van Tine and Justice McBride concurred in the judgment.

ORDER

¶ 1    *Held*:   We affirm the judgment of the circuit court of Cook County; defendant failed to establish error in the trial court's judgment denying defendant's motion for judgment notwithstanding the verdict and striking defendant's counterclaims; defendant failed to demonstrate that the trial court denied defendant's right to due process or a fair trial, or prejudice; and defendant failed to demonstrate error in the jury's verdict.

¶ 2    Plaintiff, 1205 Milwaukee LLC, filed a commercial eviction complaint against defendant, Tony Cole, and a business entity that is not a party to this appeal seeking possession of the first floor and basement of the building located at 1205 Milwaukee, Chicago, IL. On July 16, 2024, after a jury trial, the circuit court of Cook County entered an eviction order in favor of 1205 Milwaukee LLC and against Cole awarding 1205 Milwaukee LLC possession. Defendant appeals the trial court's orders denying his motion for judgment notwithstanding the verdict

(j.*n.o.v.*) and striking defendant's counterclaims including retaliatory eviction; and challenging the fairness of the eviction trial and the verdict. For the following reasons, we affirm.

¶ 3                                          BACKGROUND

¶ 4      On February 16, 2024, plaintiff, 1205 Milwaukee LLC, filed a Verified Commercial Eviction Complaint against defendant, Tony Cole, and Wicker Park Services LLC d/b/a Wicker Bicycle Rentals. Documents in the record reveal that the subject property is the commercial space on the first floor of the building, in which defendant operated a bicycle rental business. Defendant also used the basement for storage. Documents also state that defendant and the prior owner of the building previously lived together on the second floor of the property. Wicker Bicycle Rentals is not a party in this case. The complaint in this case sought possession only; the complaint did not contain a claim for rent.

¶ 5      On March 14, 2024, defendant, acting *pro se*, filed a document titled "Notice To The Court" in which defendant wrote that the prior owner of the property, who had filed two prior eviction actions against defendant which were allegedly dismissed by the trial court, transferred the property to plaintiff. Defendant's "Notice To The Court" also stated that defendant had filed a complaint for breach of contract against the former owner and "a legal malpractice case" against the former owner's attorney. On March 16, 2024, the Sheriff's Office of Cook County filed an Affidavit of Service stating that it was unable to serve defendant with the eviction summons because the business was closed. On March 19, 2024, defendant filed a motion to quash the eviction case. Defendant's motion to quash argued that defendant had not been served with summons in this case. The motion also asserted that "these eviction cases are initiated in retaliation." The motion asked the court to "consider" defendant's breach of contract and malpractice claims against the former owner and their attorney.

¶ 6     On March 20, 2024, plaintiff issued an Alias Summons against defendant. Also on March 20, 2024, defendant filed a *pro se* appearance and requested a jury trial. On March 21, 2024, defendant filed a motion to dismiss this case on the ground the eviction case "lacks a legitimate basis" because the transfer of the property to plaintiff was an attempt by the former owner to shield assets from defendant in defendant's breach of contract and legal malpractice cases. (The motion also suggests that the prior eviction cases against defendant also did not have a legal basis but were similarly designed to shield assets and impede defendant's claims against the former owner and their attorney and thus constitute an abuse of process.) On April 8, 2024, plaintiff filed an Affidavit of Non-Service by a special process server stating that defendant was not served with the alias eviction summons. The special process server's affidavit states that defendant could not be served because the business on the first floor was closed. The affidavit states that neighboring businesses informed the special process server they had seen defendant using the rear/alley entrance on occasion. Also on April 8, 2024, plaintiff filed an Affidavit for Service by Posting stating that defendant "is concealed within the state, therefore, process cannot be served upon defendant." On April 15, 2024, the trial court granted plaintiff leave to conduct service by posting. On April 19, 2024, the Sheriff's Office filed an Affidavit of Service by Posting. On April 22, 2024, and on April 23, 2024, defendant filed documents titled "Notice Case No. 20241702994" in which defendant complained about "irregularities in the plaintiff's conduct" including that defendant has "not been properly served," the "history of litigation between [defendant] and the [former] property owner," and the "transfer of the property into to 1205 Milwaukee LLC."

¶ 7     On April 30, 2024, defendant filed a motion to dismiss this case. Defendant's motion repeated the allegation that this eviction case lacks "a legitimate basis" because the eviction is

designed to conceal assets and impede defendant's litigation against the former owner of the property and their attorney. Also in May 2024 defendant filed multiple documents complaining of conduct by the trial judges on his cases and reiterating his claims regarding sheltering assets, impeding litigation, and lack of service in this case. Defendant's filings took the form of letters to the Presiding and Chief Judges of the court and "notices" to the court of the history of the litigation in this case and in other cases involving these parties. (Defendant continued to file such letters and "notices"—complaining of the trial judges' conduct, lack of notice or receipt of documents, and restating the "history" between the parties—throughout the litigation.)

¶ 8      On May 9, 2024, defendant filed a motion to dismiss this case with prejudice on the grounds plaintiff failed to properly serve defendant; plaintiff failed to include the former owner of the property as a necessary party; and the sale of the property to plaintiff was meant to shelter assets and impede defendant's claims against the former owner. On May 13, 2024, defendant filed a "Motion to Compel Disclosure of Ownership" seeking to compel plaintiff to "disclose the actual owner of the property." On May 15, 2024, the trial court granted plaintiff leave to file a motion for summary judgment and ordered plaintiff to respond to defendant's motion to dismiss, motion to quash, and motion to compel.

¶ 9      On May 17, 2024, plaintiff filed a motion for summary judgment. On May 29, 2024, defendant filed a response to plaintiff's motion for summary judgment. Defendant's response alleged plaintiff failed to properly serve defendant, plaintiff's eviction complaint in this case is retaliatory for defendant's separate litigation against the former owner and their attorney, this case lacks a legitimate basis because it is designed to shelter assets and impede defendant's separate litigation, the transfer of the property to plaintiff was potentially fraudulent, and that the

parties acknowledged defendant's interest in the subject property in filings in an unrelated court proceeding (a foreclosure action in federal court).

¶ 10    On May 31, 2024, plaintiff filed a Notice of Filing a Certificate of Service of discovery and plaintiff's responses to defendant's motions to compel, to dismiss, and to quash on defendant. Plaintiff filed plaintiff's responses to defendant's motion to compel, motion to quash, and motions (3) to dismiss. On June 7, 2024, plaintiff filed a reply in support of plaintiff's motion for summary judgment. On June 12, 2024, defendant filed a document titled defendant's "Response to Plaintiff's Motion to Dismiss" which is in fact a reply to plaintiff's response to defendant's motion to dismiss; defendant's reply to plaintiff's response to defendant's motion to compel disclosure of ownership; and a reply to plaintiff's response to defendant's motion to quash. Defendant also filed a "Second Response to Plaintiff's Reply In Support of Motion for Summary Judgment."

¶ 11    On June 28, 2024, the trial court entered an order continuing the matter for in-person hearing on all pending motions. On July 1, 2024, defendant filed a notice of motion to quash interrogatories and request for a protective order. The record contains defendant's Motion to Quash Interrogatories and Request for Protective Order but the motion is not file stamped. On July 3, 2024, the trial court entered a written order stating, as it pertains to this appeal, that: 1. Defendant previously requested testimony on all pending motions; the court explained that a General Administrative Order requires in-person testimony; defendant failed to appear in person for the hearing on the pending motions; and the court "ruled from the pleadings and allowed argument;"

2. Plaintiff's motion for summary judgment is denied; defendant's three motions to dismiss are denied; defendant's motion to quash is denied; defendant's motion to compel is denied; and defendant's motion for jury trial is granted;

3. The parties are to refrain from emailing the court and any prohibited email correspondence will not be read or considered; and

4. The matter is continued for in-person jury trial.

¶ 12    On the same day, July 3, 2024, defendant filed a document titled "Filing of Court Proceedings on July 3, 2024" in which defendant complains, in part, that the trial court denied all of defendant's motions "without providing a detailed explanation or allowing adequate opportunity for [defendant] to present my arguments." Defendant also complained that another attorney was allowed to stand-in for plaintiff's attorney, and the trial court refused to address defendant's motion to quash interrogatories and for a protective order. On July 5, 2024, defendant filed a motion for substitution of judge as of right and a motion to reconsider defendant's motion to compel disclosure of ownership. On July 9, 2024, defendant filed a document titled "Counterclaim Against 1205 Milwaukee LLC." The pleading sought to add counterclaims for:

1. "Abuse of Process" based on plaintiff's alleged "repeated failure to appear in court and the frivolous filing of multiple eviction cases."

2. "Fraudulent Transfer" based on the sale of the property to plaintiff, allegedly "to avoid the debt owed to the Defendant and to obstruct justice."

3. "Breach of Contract" which only alleged that the former owner "breached the contract with the Defendant."

4. "Intentional Infliction of Emotional Distress" based on all of plaintiff's actions.

¶ 13 On July 10, 2024, the trial court entered a written order that found, as it pertains to this appeal, that:

1. The trial court previously ordered defendant to appear in-person for all future settings.

2. On July 10, 2024, defendant appeared via Zoom, the trial court gave defendant time to appear in-person, and defendant refused and remained on Zoom.

3. The trial court "made several substantive rulings" including the denial of plaintiff's motion for summary judgment; therefore, defendant's motion for substitution of judge as of right is denied.

4. Defendant's motion to reconsider the denial of defendant's motion to compel ownership is denied because plaintiff "previously and voluntarily complied." (A subsequent filing by defendant suggests that defendant was not satisfied with plaintiff's response that 1205 Milwaukee LLC is the true owner of the property because defendant actually wanted to know the membership of 1205 Milwaukee LLC.)

5. Defendant's motion to quash interrogatories and for a protective order is denied "based on plaintiff's Sup Ct. Rule 213 request for said interrogatories."

6. "Defendant's July 9, 2024 'emergency' motion to add 4 counterclaims is denied as untimely, violation of the rules of civil procedure, due process, improper venue and not in compliance with IL. Sup. Ct. Rule 137."

7. The matter is continued for in-person jury trial.

¶ 14 On July 11, 2024, defendant filed a motion to "quash" the trial court's July 10, 2024, order. The motion argued, in pertinent part, that, "The counterclaims presented by the Defendant are directly related to the issues in the current case. The denial of this motion, citing procedural grounds, ignores the substance and relevance of the counterclaims, thereby depriving the

Defendant of a fair opportunity to present his case." Also on July 11, defendant filed a motion to disqualify the trial judge. Defendant also issued summonses to witnesses for trial including the former owner of the subject property and their former attorney. Also on July 11, defendant filed a motion *in limine* and proposed jury instructions and statement of facts, and plaintiff filed a motion *in limine*. Plaintiff's motion in limine sought to exclude:

1. Testimony contradicting defendant's admissions pursuant to plaintiff's requests to admit.

2. Evidence regarding previous eviction cases involving defendant.

3. Evidence not produced in written discovery.

4. Evidence regarding the eviction's effect on defendant.

5. Witnesses not properly disclosed.

¶ 15    On July 15, 2024, following a pretrial hearing at which both parties were present in-person, the trial court entered the following written orders that are pertinent to this appeal:

1. Defendant "continues to engage in inappropriate behavior in violation of the Court's prior orders by yelling, making false/harassing allegations, arguing to/with this Honorable Court and otherwise not conducting himself in an appropriate manner.

2. Plaintiff's second oral motion to strike defendant's jury demand is denied.

3. Defendant's Emergency Motion to Stay Pending Appeal is denied.

4. Defendant's Motion to Quash Order of July 10, 2024, which is actually a motion to reconsider, is denied.

5. Defendant's motion to disqualify the trial judge is denied.

6. Defendant's fourth motion *in limine* is granted and all others are denied. The trial court struck defendant's "exhibits" as "previously filed motions/filings that were already ruled on or otherwise irrelevant," and the trial court quashed defendant's subpoenas as they were not

delivered at least 7 days prior to the trial date—defendant could present the witnesses in rebuttal "if they are properly served/noticed up otherwise."

7. "Defendant having filed three counterclaims on 7/9/24, on Plaintiff's Counsel's oral motion to have the counterclaims stricken as non-germane, the Court asked Parties for oral argument, and Defendant stated he 'has nothing to say.' Defendant's counterclaims are stricken as non-germane and previously ruled upon."

8. Plaintiff's motions *in limine* 1-5 are granted.

9. The trial court continued the matter for in-person jury trial.

¶ 16     On July 15, 2024, defendant filed a document titled "Statement Regarding Court Proceedings and Judicial Conduct" in which defendant complained about the pretrial hearing. Among other things, defendant complained the trial court rejected defendant's evidence and exhibits without sufficient justification and that defendant did not receive "any pretrial documents from Plaintiff's counsel via email or mail."

¶ 17     On July 16, 2024, presumably prior to commencement of the trial, defendant filed a document titled "Motion to Compel Plaintiff to Provide Pre-Trial Documents and for Continuance." The motion sought an order compelling plaintiff to "provide all pre-trial documents to the Defendant immediately" and a continuance of the trial. On July 16, 2024, following a jury trial, the trial court entered an Eviction Order granting possession of the first floor and basement of the property to plaintiff. The order states that defendant must move out of the property on or before July 15, 2024, and if defendant does not, "the Sheriff is ordered to evict" defendant. The order states that no money was claimed in the complaint. The trial court also issued a written order on July 16, 2024, following the jury trial, finding, in pertinent part, as follows:

1. Plaintiff called defendant as a witness but defendant refused to take the stand or provide testimony.

2. Plaintiff provided defendant with pretrial materials including witness list, statement of the case, trial exhibits, motion *in limine*, and jury instructions by U.S. mail and hand delivery at the pretrial conference.

3. Defendant refused to testify or present evidence or witnesses on his behalf.

4. Defendant did not motion for judgment notwithstanding the verdict.

5. "This Court allowed [defendant] to mark and cross examine the plaintiff's witness with Defense exhibits. Lastly this Court allowed [defendant] to make inquiries about alleged retaliatory eviction by [the former owner] despite pretrial rulings that such previous litigation was not germane nor relevant. Specifically, 1205 Milwaukee purchased the premises *** and had a warranty deed. Despite this, the Court permitted [defendant] (with little to no objection being made) to cross examine Mr. Faulkner regarding [defendant's] prior business relationship and lawsuits with [the former owner;] this was in contravention to the pretrial rulings."

6. "[Defendant] had more than a fair jury trial."

¶ 18 On July 17, 2024, defendant filed a motion to stay enforcement of the July 16, 2024, judgment pending appeal. The motion asserted, in part, that defendant "was not given the opportunity to move for judgment as a matter of law and was ignored by [the trial judge.]" Defendant also admitted that plaintiff called defendant as a witness and defendant "declined, exercising my right not to testify." On July 18, 2024, defendant filed the notice of appeal in this case. Subsequently, on July 22, 2024, defendant filed an "Emergency Renewed Motion for

Judgment as a Matter of Law (Judgment Notwithstanding the Verdict, J.*N.O.V*.)." On July 22, 2024, the trial court entered a written order finding that:

1. Defendant's motion for j.*n.o.v*. is denied.

2. Defendant's motion to stay is denied.

3. This is a final and appealable order.

4. The court is not issuing an appeal bond.

5. Defendant shall not file any pleadings without leave of court.

6. "All future Court dates are stricken, including but not limited to Defendant's 7/22/24 filing of his 'Emergency Renewed Motion for J.*N.O.V*.' "

¶ 19    On July 22, 2024, defendant filed a document titled "Court Proceedings on 7/22/2024." The document provides defendant's recounting of the hearing on that date and states, in pertinent part, that the trial court denied defendant's motions for j.*n.o.v*. and to stay pending appeal but the trial court "provided no explanation for these denials, either during the hearing or in her written order. This lack of explanation and procedural oversight raises concerns of judicial misconduct, including abuse of discretion and bias." The document claims the issues it raised "warrant immediate appellate review."

¶ 20    This appeal followed.

¶ 21                                    ANALYSIS

¶ 22    We must first address this court's jurisdiction to consider this appeal. *Schittino v. Village of Niles*, 2024 IL App (1st) 230926, ¶ 21 ("questions of appellate jurisdiction are so integral that we must consider them on our own, even if the parties do not raise them."). Per appellant's brief, this is an appeal from a final judgment entered on July 16, 2024, which, according to appellant, "dismissed [Cole's] claims." Appellant filed a notice of appeal on July 18, 2024. Appellant's

Notice of Appeal includes as dates of judgments being appealed orders entered on July 16, 2024, July 15, 2024, and July 10, 2024. On July 17, 2024, defendant filed a postjudgment motion.

¶ 23    On July 22, 2024, the trial court entered an order (1) denying Cole's motion for judgment notwithstanding the verdict; (2) denying Cole's motion to stay eviction; (3) finding that "[t]his is a final and appealable order;" and (4) striking all future court dates, "including but not limited to [Cole's] 7/22/24 filling of his 'Emergency Renewed Motion for J.*N.O.V.*' "

> "When a timely postjudgment motion has been filed by any party, whether in a jury case or a nonjury case, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered." Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

We have jurisdiction pursuant to Rule 303(a)(2). Defendant's premature notice of appeal filed on July 18, 2024, became effective on July 22, 2024, when the trial court disposed of defendant's July 17, 2024, motion. "We review the circuit court's denial of [a] motion for JNOV *de novo.*" *Binkowski v. International Health Systems, Inc.*, 2024 IL App (1st) 221557, ¶ 66. Generally, we review a judgment of dismissal *de novo. Coduto v. County of Cook*, 2024 IL App (1st) 221837, ¶ 10.

¶ 24    Initially we note that defendant's brief makes no argument concerning the trial court's judgment denying defendant's motion for j.*n.o.v*. Defendant has forfeited any argument concerning that judgment. *Tuna v. Wisner*, 2023 IL App (1st) 211327, ¶ 54 ("Forfeiture applies with particular force to an appellant because, while we may affirm a judgment on any basis in the record, even if not argued on appeal, we may not *reverse* on any basis in the record; the issue must be raised and argued to us.").

¶ 25 Defendant's first argument on appeal is that "[t]he trial court's dismissal of [defendant's] complaint without allowing for amendment violates fundamental principles of fairness and due process." The only "complaint" referenced in the brief is defendant's separate complaints against the former owner of the subject property and their attorney for breach of contract and legal malpractice. Neither of those complaints are a part of the case before this court and cannot be made subjects of this appeal. *Hack v. Multimedia Cablevision, Inc.*, 297 Ill. App. 3d 255, 256 (1998) ("A trial court's jurisdiction to adjudicate claims is limited to the matters raised in the pleadings."), *Taylor v. Taylor*, 45 Ill. App. 3d 352, 356 (1977) ("An appeal is not a new suit in the appellate court, but a continuation of the suit in the court below; it is a proceeding in the original cause and is but a step toward the final adjudication of the original cause."). However, the notice of appeal includes a judgment in which the trial court struck defendant's counterclaims. Since defendant's counterclaims are the only "complaint" from defendant we may review, we construe defendant to appeal the trial court's order striking defendant's counterclaims.

¶ 26 The trial court struck defendant's counterclaims as "as non-germane and previously ruled upon." An order striking a pleading is not a final order. See *Branch v. European Autohaus, Ltd.*, 97 Ill. App. 3d 949, 952 (1981). We find that the reference to a prior ruling on defendant's counterclaims is to the court's July 10, 2024, order that "Defendant's July 9, 2024 'emergency' motion to add 4 counterclaims is denied as untimely, violation of the rules of civil procedure, due process, improper venue and not in compliance with IL. Sup. Ct. Rule 137." Defendant's only argument on appeal is that defendant should have been permitted to amend the counterclaims because "litigants are entitled to an opportunity to amend their pleadings to ensure justice is served." Defendant cites *Goldberg v. Kelly*, 397 U.S. 254 (1970), as his sole authority in support

of this argument. In *Goldberg,* the United States Supreme Court held, *inter alia*, that "[t]he fundamental requisite of due process of law is the opportunity to be heard." (Internal quotation marks omitted.) *Goldberg*, 397 U.S. at 267. *Goldberg* in no way addresses amendments to counterclaims in Illinois courts and is completely inapposite.

¶ 27 We find nothing in the record to support defendant's argument he was prevented from amending his counterclaims. Neither the trial court's July 10 nor July 15, 2024, orders struck defendant's counterclaims with prejudice. We note that following the trial court's July 10, 2024, order, defendant did not file amended counterclaims and instead, on July 11, 2024, filed what, in substance, was a motion to reconsider the July 10, 2024, order. We find the trial court did not deny defendant an opportunity to amend his counterclaims; defendant simply failed to avail himself of the opportunity to do so to correct the defects the trial court noted. Therefore, defendant's argument fails.

¶ 28 Regardless, defendant has forfeited the issue because defendant failed to argue the trial court erred in its judgment that the issues raised in defendant's counterclaims were not germane. The eviction statute provides that "no matters not germane to the distinctive purpose of the proceeding shall be introduced by joinder, counterclaim or otherwise." 735 ILCS 5/9-106 (West 2024). This court has held that:

> "Claims which are germane to the issue of possession generally fall into
> one of four categories as follows: (1) claims asserting a paramount right of
> possession; (2) claims denying the breach of the agreement vesting possession in
> the plaintiff; (3) claims challenging the validity or enforceability of the agreement
> on which the plaintiff bases the right to possession; or (4) claims questioning the

plaintiff's motivation for bringing the action." *People ex rel. Department of Transportation v. Walliser*, 258 Ill. App. 3d 782, 788 (1994).

"A retaliatory eviction claim is germane to a forcible entry action and states a defense." *American National Bank by Metroplex, Inc. v. Powell*, 293 Ill. App. 3d 1033, 1044 (1997). Despite repeated claims that the former owner of the property is retaliating against him, defendant did not attempt to plead a counterclaim for retaliatory eviction and the counterclaims which were dismissed by the court did not allege this case was a retaliatory eviction. Plaintiff has failed to argue on appeal that the counterclaims that he proffered fall within any of the categories of claims which are germane to the issue of possession.

¶ 29    Because defendant failed to provide any meaningful analysis of the legal issues concerning the filing or amendment of counterclaims, proper counterclaims in an eviction action, citation to the portions of the record relied on, or to *relevant* authority in defendant's brief, defendant has forfeited review of this claim. *Liberty Mutual Fire Insurance Co. v. Woodfield Mall, L.L.C.*, 407 Ill. App. 3d 372, 389 (2010) ("We find this argument has been waived due to the *** failure to cite and analyze any supporting facts in the record."), *State by Raoul v. Hitachi, Ltd.*, 2021 IL App (1st) 200176, ¶ 49 ("A failure to cite relevant authority violates Rule 341 and can cause a party to forfeit consideration of the issue. [Citation.] Where an appellant has failed to support his or her arguments with citations to authority, this court will not research the issues on the appellant's behalf.").

¶ 30    The court did not strike the counterclaims with prejudice but defendant failed to file amended counterclaims. As defendant has failed to demonstrate error, the trial court's judgment is affirmed.

¶ 31    We construe defendant's remaining arguments on appeal to challenge the eviction order on grounds defendant was denied due process and that the eviction was retaliatory. First, defendant argues that the denial of all of defendant's motions and the failure to provide defendant with pretrial discovery "demonstrate a lack of due process and judicial fairness." Defendant also argues that the trial court refused to allow defendant to present evidence and witness testimony in violation of his right to due process and a fair trial. Finally, defendant argues the trial court was biased as evidenced by the court's "allowing the plaintiff to approach the bench with documents unapproved by the Appellant." Defendant's only authority in support of this argument is "*In re Marriage of Wilk*, 321 Ill. App. 3d 622, 630 (2001)," which defendant cites for the proposition that "the integrity of the judicial process is paramount." However, defendant provided an erroneous citation to this purported authority.

¶ 32    "Procedural due process concerns the methods by which an individual's life, liberty, or property interest are denied, and substantive due process imposes limits on the state's power to act, regardless of the procedural protections." *Illinois Automobile Dealers Ass'n v. Office of Illinois Secretary of State*, 2024 IL App (1st) 230100, ¶ 39. Here, as in *Illinois Automobile Dealers Ass'n*, defendant's "brief does not state which type of due process claim they are bringing, but based on their arguments, the claim is procedural." *Illinois Automobile Dealers Ass'n*, 2024 IL App (1st) 230100, ¶ 39. "To plead a procedural due process claim, a plaintiff must allege (i) a cognizable property interest, (ii) a deprivation of that interest, and (iii) a denial of due process." *Illinois Automobile Dealers Ass'n*, 2024 IL App (1st) 230100, ¶ 40. "A fair trial before a fair tribunal is a basic requirement of due process." *Arvia v. Madigan*, 209 Ill. 2d 520, 540 (2004). "A court will find a due process violation only where there has been a showing of prejudice." *Shachter v. City of Chicago*, 2016 IL App (1st) 150442, ¶ 27. "If the constitutional

- 16 -

claim concerns due process, then the petitioner must *** demonstrate that the violation resulted in actual prejudice, defined as whether an alternate result may well have resulted without the violation." (Internal quotation marks omitted.) *Puc-Ruiz v. Holder*, 629 F.3d 771, 782 (8th Cir. 2010). "Whether a party's procedural due process rights have been violated presents a legal question reviewed *de novo*." *Illinois Automobile Dealers Ass'n*, 2024 IL App (1st) 230100, ¶ 40.

¶ 33      Defendant's argument lacks analysis, citation to the portions of the record relied on, or citation to relevant legal authority. Defendant did not analyze or even mention the requirements of due process in this context. Defendant does not make any legal argument that he was prejudiced by the trial court's rulings or cite facts to demonstrate that defendant was prejudiced. Defendant does not argue that the trial court's rulings on defendant's motions were substantively incorrect. Defendant only argues that the denial of those motions—which he fails to specifically identify in his brief—demonstrates a lack of judicial fairness and a denial of due process.

¶ 34      The trial court's July 16, 2024, order expressly found that plaintiff provided defendant with pretrial materials. Defendant does not address or challenge that finding on appeal. Defendant does not cite any facts as to what discovery he did not receive nor any facts or legal authority or argument as to how any alleged lack of discovery prejudiced him. The trial court's July 16 order also found that despite being called as a witness and being properly and duly noticed, defendant "refused to take the stand and provide testimony." Defendant did not provide a transcript or bystander's report of the trial. Defendant failed to cite any record evidence the trial court refused to allow defendant to present evidence. Defendant does not cite to any portion of the record establishing that the trial court did, in fact, allow plaintiff to approach the bench with documents "unapproved by the Appellant." Defendant cites no facts as to what the documents were or, if defendant does not know what they were, what was done with these

alleged documents. Defendant cites no legal authority that defendant had a right to "approve" whatever document plaintiff allegedly (since we cannot check the record) approached the bench with, or how he was prejudiced thereby. This was a jury trial, and defendant does not argue whether, or how, the trial court's alleged bias prejudiced the jury's verdict. Therefore, the argument is forfeited. *Liberty Mutual Fire Insurance Co.*, 407 Ill. App. 3d at 389, *Hitachi, Ltd.*, 2021 IL App (1st) 200176, ¶ 49.

¶ 35    Finally, defendant argues that the "retaliatory nature of the eviction actions filed by 1205 Milwaukee LLC, following [defendant's] successful defenses against prior eviction attempts by [the former owner of the subject property] is evident." In this argument defendant repeats his claims that the transfer of the property was fraudulent and an abuse of process. We have already found that defendant failed to plead a counterclaim for abuse of process or fraudulent transfer in this case. We construe the remainder of defendant's argument as a challenge to the jury's verdict based on the defense of retaliatory eviction. We note that the trial court's posttrial order states that the court allowed defendant to "make inquiries about alleged retaliatory eviction." Defendant does not refute that finding.

¶ 36    Defendant failed to provide a transcript of the trial or a bystander's report of the proceedings. "It is well settled that an appellant has the burden of presenting a sufficiently complete record to support her claims of error, and in the absence of such a record, 'it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.' [Citation.]" *Council for Jewish Elderly v. Kurtz*, 2024 IL App (1st) 230102, ¶ 40. We are unable to review either the trial court's finding that defendant did present evidence of retaliatory eviction or, if he did, whether the evidence was sufficient to prove the defense. Since "[a]ny doubts or deficiencies arising from an incomplete record will be construed against the

appellant" (*Tebbens v. Levin & Conde*, 2018 IL App (1st) 170777, ¶ 31), we will presume that defendant presented his retaliatory eviction defense and that the jury properly rejected it.

¶ 37    Nonetheless, we note that "retaliatory eviction" can be a statutory defense to an action to regain possession of property. The Retaliatory Eviction Act provides:

"It is declared to be against the public policy of the State for a landlord to terminate or refuse to renew a lease or tenancy of property used as a residence on the ground that the tenant has complained to any governmental authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation. Any provision in any lease, or any agreement or understanding, purporting to permit the landlord to terminate or refuse to renew a lease or tenancy for such reason is void." 765 ILCS 720/1 (West 2024).

Illinois courts have construed the statutory defense of retaliatory eviction to apply only to tenants of residential property who complained to the government about code violations; the defense is purely statutory and is limited to the narrow parameters of the statute. *Seidelman v. Kouvavus*, 57 Ill. App. 3d 350, 354-55 (1978). Moreover, this court has held that:

"[t]he language of this statute clearly and unambiguously prohibits only termination or non-renewal of residential leases in cases in which the action was taken in retaliation for the tenant's complaint to governmental authorities regarding violations of building codes, health ordinances, or similar regulations. [Citation.] Therefore, its application should not be expanded to cases such as this where the lease is commercial, not residential, in nature and where the tenant made no complaints to authorities concerning code violations." *General Parking Corp. v. Kimmel*, 79 Ill. App. 3d 883, 887 (1979).

¶ 38 This case involves a commercial eviction, and defendant has never claimed that the eviction resulted from defendant's complaint to governmental authorities regarding violations of building codes, health ordinances, or similar regulations. *Kimmel*, 79 Ill. App. 3d at 887. Defendant has failed to cite to any facts to establish a defense of retaliatory eviction. We find no error in the jury's verdict.

¶ 39 We note that defendant's brief repeats defendant's claim he was not properly served in this case. First, the record contains evidence of proper service of summons by publication. Defendant has not cited a sufficient challenge to service by publication in this case. See *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18 ("The defendant may challenge the plaintiff's affidavit by filing an affidavit showing that upon due inquiry, he could have been found."). Second, we note that plaintiff filed the eviction complaint on February 16, 2024, and on March 14, 2024, defendant filed a document titled "Notice to the Court" in which defendant sought to "provide the court with a clear understanding of recent developments and their implications in the ongoing legal proceedings." This filing did not challenge the trial court's jurisdiction over defendant. Defendant did not file a motion to quash based on improper service until March 19, 2024. Prior to that, defendant filed documents that did not challenge the court's jurisdiction. "Generally a party's appearance before the trial court with no contest of the court's jurisdiction constitutes a waiver of any claim that failure to serve summons deprived the court of jurisdiction." *Lakeview Trust & Savings Bank v. Estrada*, 134 Ill. App. 3d 792, 806 (1985). Individual participation in the lawsuit is sufficient to waive service of summons and give the trial court personal jurisdiction. See *Ford v. Continental Illinois National Bank & Trust Co.*, 18 Ill. App. 3d 166, 171 (1974). Based on defendant's voluntary general appearance and participation, defendant submitted himself to the trial court's *in personam* jurisdiction. *Municipal Trust &*

*Savings Bank v. Moriarty*, 2021 IL 126290, ¶ 25 (the defendant voluntarily submitted to the prospective jurisdiction of the court by filing a written appearance and appearing in court; by doing so, the defendant waived any objection to the circuit court's personal jurisdiction), *Lakeview Trust & Savings Bank*, 134 Ill. App. 3d at 806. Any argument defendant was not properly served must fail. Defendant's prayer for relief in this brief also requested a stay pending the outcome of this appeal. This court denied defendant's motion for a stay pending appeal in this case on July 30, 2024, and denied a motion to reconsider that judgment on August 7, 2024. Defendant's request in his brief on appeal is moot.

¶ 40                                    CONCLUSION

¶ 41    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 42    Affirmed.